JAMES C. DIEZ V. STATE.

No. 25,774. May 7, 1952.

Hon. O. L. Parish, Judge Presiding.

*Wm. E. Davenport,* San Angelo, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction carrying a punishment of six months in jail as a second offender for the offense of drunk driving.

The prior conviction was alleged to have occurred in the county court of Irion County upon a complaint.

To support that allegation the state introduced in evidence the complaint and the judgment of the county court of Irion County adjudicating appellant guilty of the offense of drunk driving.

No information was offered in evidence or shown to have been filed in the county court of Irion County upon the com-

plaint mentioned. The record does not reflect that the county court judgment was authorized to be rendered upon the complaint alone.

An information is necessary to confer jurisdiction upon a county court to try, originally, a criminal case. Art. V., Sec. 17. Constitution of Texas; Art. 29, C. C. P.; Kneedler v. State, 131 Tex. Cr. R. 385, 99 S. W. 2d 605; Day v. State, 127 Tex. Cr. R. 19, 74 S. W. 2d 699; Steinman v. State, 153 Tex. Cr. R. 198, 220 S. W. 2d 887.

We are constrained to agree with the appellant that the proof fails to show a prior conviction against him authorizing the enhancement of punishment.

The judgment is reversed and the cause remanded.

Opinion approved by the court.