## WILLIAM STEVENS COAKER v. STATE.

No. 26,354. April 29, 1953.
Rehearing Denied June 10, 1953.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) June 27, 1953.
Application for Writ of Certiorari Denied by Supreme
Court of the United States January 4, 1954.

*Harrison & Smallwood,* by *Arnold Smallwood,* San Antonio, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the felony offense of unlawfully operating a motor vehicle upon a public highway while intoxicated committed after a prior conviction for the misdemeanor offense for driving while intoxicated, and his punishment was assessed at 90 days in jail and a fine of $2,000.

Two highway patrol officers and the local constable, while patrolling on a highway in Karnes County, saw the appellant driving a large truck in an erratic manner and at an excessive rate of speed. The officers stopped appellant, observed his actions and speech, and testified that in their opinion he was intoxicated.

The sheriff saw appellant at the jail and observed his speech and actions. It was his opinion that the appellant was drunk.

Appellant testified that he was tired, sleepy and hungry, and that he had drunk only three bottles of beer during the day preceding the time of his arrest. He testified that he was not intoxicated.

The issue of appellant's intoxication was resolved against him by the jury.

The indictment alleged a prior conviction for driving while intoxicated on the 17th day of October, 1950, in the county court of Wilson County, Texas, in Cause No. 5079. The judgment showing a conviction in such cause for said offense was introduced in evidence, and appellant was identified as being the defendant therein.

The case of Diez v. State, 157 Tex. Cr. R. 275, 248 S.W. 2d 486, cited by appellant, does not sustain his contention that it was incumbent upon the state to introduce the complaint and information, as well as the judgment in the prior conviction.

In the Diez case, the indictment alleged that the conviction was "upon a complaint." We held that in the absence of a showing that an information had been filed, the jurisdiction of the county court was not shown.

The evidence is sufficient to show the prior conviction alleged and to support the verdict of the jury.

The judgment is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

WOODLEY, Judge.

Appellant again urges that it was incumbent upon the state to introduce in evidence the complaint and information as well as the judgment in the prior conviction alleged in the indictment.

The judgment of the county court offered in evidence shows on its face that the information was read to the defendant and he pleaded guilty to the accusation therein contained and that he was adjudged guilty of the offense of driving while intoxicated, for which a fine of $50 was assessed.

Under these facts we remain convinced that the appeal was properly disposed of on original submission.

Appellant's motion for rehearing is overruled.