JOE ANDREWS v. STATE

No. 27,215.   December 8, 1954

*Roy A. Scott*, Corpus Christi, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for murder; the punishment, ten years in the penitentiary.

The record shows without dispute that appellant killed the deceased by cutting him with a knife.

Appellant's plea was that of self-defense and the issue as to whether he killed the deceased in defending himself, after being attacked by the deceased, or he did so without justification or excuse, was closely drawn. Witnesses for the state gave testimony which supports the jury's verdict, while the testimony of appellant's witnesses shows self-defense.

Bill of Exception No. 2 reveals that appellant was arrested in California and returned to Corpus Christi by Police Officer Bill Cruz, who had made an investigation of the killing at the scene thereof. Officer Cruz testified as a witness for the state, and was examined in the absence of the jury in order that the admissibility of certain testimony might be passed upon. Cruz was then asked "Now, do you know where this murder weapon is, where the knife is?"

Appellant's objection to the question was sustained, the information upon which the witness would base his answer having been obtained from the defendant while he was under arrest.

The jury was then returned to the courtroom, and the identical question which the court had excluded was propounded to the witness in its presence, and while appellant's counsel was making his objection and before he had time to complete it, the witness answered that the knife was in Nueces Bay.

Appellant moved for mistrial upon the ground that the answer was of such prejudicial nature that the attempt to withdraw same from the consideration of the jury could not cure the damage.

We cannot agree with the state's contention that the error in producing such testimony, despite the court's ruling, was harmless. If the killing was justified as in defense of life and person, the weapon would not normally have been so disposed of. If a wanton murder had been committed, the killer might well have been expected to dispose of the weapon where it could not be found.

The conduct of the prosecution appears to have been wilful and in disregard of the court's ruling. The effect of the question and answer was to place in the balance, against appellant's claim of self-defense, the fact that he said he threw the murder weapon in the Bay. The result was to deprive the appellant of a fair and impartial trial and the court should have responded to appellant's motion and declared a mistrial.

The summoning of the venire and the making of a return thereon appear to have been somewhat irregular. The officer's return on the special venire writ should have been complete and in accord with Art. 598, V.A.C.C.P.

The argument of counsel complained of will not, we trust, be repeated upon another trial.

The judgment is reversed and the cause remanded.