## ALBERT ODELL RICHARDSON V. STATE

No. 33,226. April 12, 1961
Motion for Rehearing Overruled May 17, 1961

WOODLEY, Presiding Judge, absent.

*Pollan & Nicholson,* by *John T. Nicholson,* Rosenberg, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

This is a conviction for the felony offense of driving while intoxicated, with punishment assessed at a fine of $100.

The evidence sufficiently shows the appellant guilty of the primary offense of driving an automobile while intoxicated upon a public road at the time and place alleged.

The indictment alleged the prior conviction for the offense of operating a motor vehicle while intoxicated upon a public road, on March 15, 1954, in Cause No. 6451, in the County Court of Brazoria County, Texas. The judgment showing a conviction upon a plea of guilty in said cause for "driving while intoxicated" was introduced in evidence and it was agreed and stipulated that appellant was the same person named in the judgment.

Appellant did not testify.

Appellant's sole contention for reversal is that the judgment of the prior conviction does not support the allegations of the indictment in that he was found guilty of no offense under the law, because the complaint and the information in the prior case were not introduced in evidence.

In misdemeanor cases the judgment need not show, by name, the offense for which the accused has been convicted, nor specify the particular count upon which the conviction is based. 12 Tex. Jur., Sec. 348, p. 706; Fowler v. State, 144 Tex. Cr. Rep. 382, 162 S.W. 2d 969; Johnson v. State, 163 Tex. Cr. Rep. 185, 289 S.W. 2d 593.

In Coaker v. State, 159 Tex. Cr. Rep. 282, 259 S.W. 2d 220, this court held that it was not necessary to introduce the complaint and the information where the indictment was proper and the judgment was introduced.

We find from the testimony of Officer Lowery, which was admitted without objection, that appellant (in the instant case) told him he had been convicted for "misdemeanor DWI" in Brazoria County. Further, it was agreed and stipulated that appellant was the same person named in the judgment of conviction which had been introduced in evidence, such judgment showing that it was rendered in the County Court of Brazoria County, upon a plea of guilty.

It is our conclusion that appellant's admission to Officer Lowery that he had been convicted for "misdemeanor DWI" in Brazoria County and his agreement and stipulation that he was the same person named in the judgment of conviction for "driving while intoxicated," on a plea of guilty in the County Court of Brazoria County, are sufficient to show the prior conviction, as alleged.

The evidence is sufficient to support the conviction.

The judgment is affirmed.