**Ervin REED, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36703.**

Court of Criminal Appeals of Texas.

March 18, 1964.

Rehearing Denied April 29, 1964.

C. O. McMillan, Stephenville, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for the subsequent offense of drunken driving, a felony; the punishment, one year in the penitentiary.

State highway patrolman Kenneth Duderstadt testified that on the day in question while on routine patrol and traveling south on U. S. Highway 281 in the vicinity of Hico in Hamilton County he was stopped by three occupants—a man and two women—of an oncoming automobile. While he was talking to them appellant approached, driving a Chevrolet automobile on the wrong side of the highway. Afer being signalled by the patrolman, appellant drove onto the shoulder of the highway and stopped. Upon request to see his driver's license, appellant produced an operator's license issued to Ervin Webster Reed and being numbered 2293564. The license gave the height and weight of the licensee and listed his address as 690 North Belknap in Stephenville. Appellant informed the patrolman that he had moved from that address to his present address of 521 North Columbia. In a search of appellant's automobile at the scene, the patrolman found two six packs of Falstaff 12-oz. "glass cans" of beer and a four-fifths quart bottle of whisky one-fourth full. Officer Duderstadt testified that at such time appellant had the smell of alcohol on his breath, that he talked with a thick tongue, he was unsteady on his feet, and expressed his opinion that appellant was drunk.

The witness Errol Coker, who was riding with the highway patrolman on the occasion, gave a similar description of appellant's actions and appearance and expressed his opinion that he was intoxicated.

Sheriff Woody Young testified that he observed appellant when he was brought to the jail and, after describing appellant's appearance, testified that in his opinion appellant was at such time intoxicated.

The witnesses Mary Hukel and Mary Nell Montgomery testified that they were the women riding in the automobile which stopped the patrolman and both described the manner of appellant's driving from one side of the road to the other, prior to his apprehension by the patrolman.

A blood specimen taken from appellant with his consent, upon being analyzed at the state laboratory of the Department of Public Safety, was shown to contain .22% alcohol. Chemist Beardsley testified that in his opinion the individual from whom the blood was taken was intoxicated.

In proof of the prior alleged misdemeanor conviction for driving while intoxicated,

the state offered in evidence as Exhibit No. 8 a judgment dated September 19, 1959, entered in Cause No. 10425, styled The State of Texas v. Erwin R. Reed, on the docket of the County Court of Erath County, wherein the defendant was convicted of driving while drunk and assessed punishment at three days in jail and a fine of $75.

Also introduced as State's Exhibit No. 4 were certain drivers' license records of the Department of Public Safety showing the issuance of Texas Operator's License No. 2293564 to Ervin Webster Reed, with address listed 690 North Belknap, Stephenville, Texas, and his conviction on September 19, 1959, in Cause No. 10425, in the County Court of Erath County, of the offense of driving while intoxicated.

Appellant did not testify or offer any evidence in his behalf.

Appellant predicates his appeal upon two contentions.

■ He first contends that the court committed reversible error in refusing to declare a mistrial after highway patrolman Duderstadt testified on his direct examination in the presence of the jury that the man in the car which stopped him said: "This first car here is drunk." Upon objection by appellant the court gave the following instruction:

"The objection will be sustained and the jurors will be instructed not to consider for any purpose what the driver of the vehicle told Mr. Duderstadt."

On further examination of the witness the court again instructed the jury "not to consider for any purpose the testimony given by the witness as to what someone told him," and only permitted the witness to state that he had received certain information which he acted on.

We cannot say that the complained-of remark was so prejudicial that the error, if any, could not be cured by the court's instruction to disregard.

Appellant's other contention is that the evidence is insufficient to sustain the conviction because the state did not prove the prior misdemeanor conviction for driving while intoxicated, as alleged in the indictment.

In charging the prior conviction, the indictment alleged in part, as follows:

"* * * he the said Ervin Reed under the name Erwin Reed was duly and legally tried on, to-wit, the 19th day of September, 1959, upon an information charging an offense of like character then and there legally pending against him in the County Court of Erath County, Texas * * *."

Appellant insists that since the state did not introduce the information in the prior case in evidence and the judgment introduced showed the conviction of "Erwin R. Reed," the evidence failed to show that he was tried and convicted, upon an information, under the name of Erwin Reed, which was a descriptive averment in the indictment.

■ We do not agree with such contention, as the middle initial "R" used in alleging appellant's name may be disregarded and treated as immaterial. See: 40 Tex. Jur.2d, Sec. 7, page 377. Nor do we agree that the allegation in the indictment that appellant was tried "upon an information" was a descriptive averment of the offense.

■ Appellant further contends that the evidence fails to support the allegation in the indictment that he had been previously convicted "of the offense of driving a motor vehicle, upon a public highway within Erath County, Texas," because the judgment introduced in evidence did not identify the offense.

Appellant concedes that the judgment introduced in evidence contained, after the style, number, and date, the recitation: "Charge—Driving While Drunk," but insists that such does not show that the conviction was for driving while intoxicated

upon a public highway in Erath County, as alleged.

It is argued by appellant that the recitation in the judgment could imply that the conviction was for the offense of driving a motor boat while intoxicated, as denounced by Art. 1333A, Vernon's Ann.P.C. With reference to this argument it is observed that the fine of $75 and three days in jail assessed as punishment in the judgment was not a penalty which could be assessed under Art. 1333A, supra, for operating a motor boat while intoxicated.

The recitation in the judgment, together with the other evidence adduced by the state, was sufficient to show the prior conviction of appellant for driving while intoxicated upon a public highway, as alleged. See: Rice v. State, Tex.Cr.App., 292 S.W. 2d 114; Richardson v. State, 171 Tex.Cr. R. 163, 346 S.W.2d 119.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.