Lewis Charles WHEELER, Appellant,

v.

The STATE of Texas, Appellee.

No. 40283.

Court of Criminal Appeals of Texas.

April 12, 1967.

J. Rodney Brister, Dallas, for appellant.

Henry Wade, Dist. Atty., John J. Stauffer, Scott Bradley and Kerry P. FitzGerald Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from a conviction for the possession of marihuana. After a trial before a jury, the punishment assessed by the Court was thirty (30) years confinement in the Texas Department of Corrections.

In the early morning hours of May 14, 1966, officers of the Dallas Police Department, armed with a search warrant and an arrest warrant, forcibly entered appellant's home after no one answered their knocks. The validity of the search is not challenged on appeal. Subsequent to their entry, appellant asked the officers if he could go to the bathroom. This request was granted and one of the officers accompanied him. Once there, appellant reached for a package and attempted to flush it down the commode. One officer physically prevented such action and another officer took possession of the package containing five cigarettes. A subsequent search of appellant's house revealed a green vegetable substance in a tinfoil wrapping. The chain of custody of these items and the fact that the chemical analysis showed the cigarettes and the substance to be marihuana was stipulated.

Appellant's sole contention on appeal is that the trial court erred in refusing to grant a mistrial when the prosecuting attorney asked appellant's daughter, his only witness, an improper question on cross-examination. Such action he contends was calculated to show the guilt of the defendant and amounted to an oral confession of the Defendant while under arrest.

The testimony in question is as follows:

"Q Now, the defense counsel over here asked you whether at any time except after the officers had carried you all down to the police station you had seen any evidence or heard of any evidence which would lead you to believe that the defendant had used or smoked any marijuana cigarettes. Now, then, I want to ask you if you were present when this man down here, your own father, told Officer Taylor that he smoked three marijauna——

MR. BRISTER: I'm going to object to that, Your Honor.

THE COURT: I'll sustain it.

Q (By Mr. Bradley) I'm talking about before you got down here, when they asked——

MR. MURPHY: Objection.

THE COURT: I'll sustain the objection.

MR. MURPHY: Your Honor, we're going to have to at this time, move for a mistrial on the basis of what we consider prejudicial testimony, testimony from the lips of Mr. Bradley, and not from anybody from the witness stand.

THE COURT: I'll overrule your motion for a mistrial.

MR. MURPHY: Note our exception, please.

THE COURT: I'll instruct the jury to disregard it."

It is to be observed that neither question was completed, no answers were given, and the record does not reflect that appellant was under arrest at the time inquired about, and the Court promptly instructed the jury to disregard.

■ It is well established law that the error in propounding improper questions or in admitting improper testimony may be generally cured by a withdrawal of such testimony and an instruction to disregard the same except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. 5 Tex.Juris.2d, Sec. 437. McCormick and Ray, Texas Law of Evidence, Vol. 1, Sec. 29; Harris v. State, Tex.Cr.App., 375 S.W. 2d 310. See also Reed v. State, Tex.Cr. App., 377 S.W.2d 641; Spriggins v. State, Tex.Cr.App., 372 S.W.2d 676.

In Harris v. State, supra, the appellant, as in the case at bar, was charged with the possession of a narcotic drug. The arresting officer testified that when the appellant came to the door of the apartment, "I told him we had information that he had some dope at his house." Appellant moved for a mistrial which was denied. The jury, however, was instructed not to consider the statement for any purpose.

After stating the general rule above quoted and ruling that the trial court's failure to grant a mistrial was not reversible error, this Court stated, "The evidence in question was not of such import that the court's instruction to disregard the answer could not have removed its effect on the minds of the jury * * * It should also be noted in this regard that marijuana was found in the apartment and no issue was made of the fact that it was marijuana."

Unlike the case at bar the question in Harris was actually answered. Further, as in Harris, marihuana was found in appellant's residence and no issue was made of the fact it was marihuana.

Appellant relies principally upon Andrews v. State, 160 Tex.Cr.R. 570, 273 S.W. 2d 430, 431 and Scroggins v. State, 133 Tex. Cr.R. 378, 111 S.W.2d 273. In these cases, the prosecutor persisted in asking the same or similar improper question until he had secured an answer despite the defendant's objections and in willful disregard of the Court's rulings and admonishments. In each case, the Court held the instructions to disregard were insufficient to cure the prejudicial character of the testimony.

■ In the case at bar, the record is devoid of any such calculated attempt to circumvent the rulings of the Court and does not demonstrate such repetition as is evident in the cases cited by appellant. The record fails to reflect that the prosecutor acted in bad faith in propounding the questions complained of.

■ We conclude that the Court's instruction to the jury to disregard was sufficient under the circumstances, and that the trial court did not err in refusing to grant a mistrial.

The judgment is affirmed.