Troy CASEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 42969.

Court of Criminal Appeals of Texas.

July 8, 1970.

Nelson Quinn, Abilene, for appellant.

Ed Paynter, Dist. Atty., and Joe L. Guyton, Asst. Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is the unlawful possession of an alcoholic beverage for the purpose of sale in a dry area; the punishment, a fine of $350.00.

The sole ground urged for reversal is the failure of the trial court to grant a mistrial due to the following reply to a state's question during the testimony of the witness Crowder:

"Q What was the occasion for your going down there that night?

"A We had information that they were selling alcoholic beverages.

"Mr. Quinn: I am going to object.

"The Court: Now, we sustain the objection.

"Mr. Quinn: Now, we respectfully request the court to move for a mistrial. The instructions will not cure the harm that has been done.

"The Court: I will overrule the objection. I instruct the jury at this time to disregard for all purposes the last statement of this witness.

"Mr. Quinn: We request—

"The Court: Now, Counsel, you be careful in framing the questions.

"Mr. Quinn: Now, Your Honor, we request that the Court grant a mistrial because the instructions will not cure the harm.

"The Court: I will overrule the motion for a mistrial.

"Mr. Quinn: Note our exception."

Although the statement made by the witness Crowder was hearsay, it did not mention the name of the appellant. In view of the prompt instruction for the jury to disregard it, the trial court did not err in refusing to grant a mistrial. The appellant's ground of error is overruled. Harris v. State, Tex.Cr.App., 375 S.W.2d 310; Wheeler v. State, Tex.Cr.App., 413 S.W.2d 705; White v. State, Tex.Cr.App., 444 S.W. 2d 921.

The judgment is affirmed.