**Robert Delbert BOLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44489.**

Court of Criminal Appeals of Texas.

Jan. 18, 1972.

**242**

————◆————

Larry C. Roseborough, Dallas, for appellant.

Henry Wade, Dist. Atty., and John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for the felony offense of driving a motor vehicle upon a public highway while intoxicated (Article 802b, Vernon's Ann.P.C.); the punishment, a fine of $1500.00.

The appellant entered a plea of not guilty before a jury, but elected to have the judge assess his punishment.

The evidence shows that the automobile being driven by the appellant on a public highway was observed by a police officer to be weaving on the road and "bouncing off the curb" of the dividing median on several occasions. The officer testified that after he was stopped, the appellant was slow and uncoordinated; his breath smelled strongly of alcohol; he was unsteady on his feet; he spoke with a slurred speech and swayed when he walked. In the opinion of the officer the appellant was very intoxicated.

The appellant, testifying in his own behalf, said that he had trouble keeping his car on the road because of its poor mechanical condition. He admitted drinking three cans of beer within three hours before his arrest. He said he was not intoxicated when arrested.

The jury resolved the disputed issue as to the appellant's intoxication against him and the evidence supports their verdict.

The sole ground of error urged by the appellant is that the evidence is not sufficient to prove the prior conviction for driving while intoxicated alleged in the indictment.

Prior to trial the appellant, the appellant's attorney and the prosecutor entered into a written stipulation.[1] It was the in-

1. The stipulation is not as explicit as it might have been. It should have stated the defendant had been *convicted* of the prior offense. The stipulation reads as follows:

"IT IS HEREBY agreed and stipulated between respective counsel and the Defendant himself in open court that the foregoing stipulation may be made in the presence of the jury for the purposes of proving facts of the case and elements of the offense:

"THAT if the Clerk of the County Criminal Court of Dallas County, Texas, were called and sworn to testify in open court, she would and could testify that on or about February 9, 1962, in

Cause No. 71461, styled 'The State of Texas vs. Robert Delbert Bolin', that she observed Robert Delbert Bolin who she would and could identify being the Defendant in this cause plead guilty to the misdemeanor offense of Driving and Operating a Motor Vehicle upon a public street or highway in Dallas County, Texas, while he was intoxicated or under the influence of an intoxicating beverage. She would further testify that the County Criminal Court of Dallas County, Texas, had jurisdiction to hear that case, and that judgment became final on February 9, 1962, prior to June 8, 1968."

tent of the parties to stipulate the prior conviction without the necessity of proof before the jury. While testifying in his own behalf during direct examination by his attorney, the appellant was asked "You heard Mr. Ovard (the prosecutor) read into the testimony before the jury, and heard Judge Davis instruct the jury that that certain testimony was to be considered as evidence, the stipulation that you are the same person who received a conviction for D.W.I. in February of 1962, is that correct?" Answer, "Yes, sir."

Before resting, the prosecutor advised the court that the appellant and the appellant's counsel had entered into a stipulation with the prosecutor concerning the prior conviction and requested the right to read it to the jury. Thereafter, the written stipulation was read into evidence before the jury and the court stated without objection "Ladies and gentlemen, of course, that has been made an exhibit in this case . . . It is an agreement that there was a *final conviction* in the misdemeanor court . . . it is necessary in this D.W.I. 2nd that they . . . prove up the first conviction so they did it the easy way by agreeing that he is one and the same person. Do you all understand what it is? All right, proceed."

It is the rule that stipulations are reasonably and liberally construed with a view to effectuating the party's intentions. O'Conner v. State, 401 S.W.2d 237 (Tex.Cr.App. 1966) and 53 Tex.Jur.2d 327, Sec. 14.

■ We find that the written stipulation read into evidence, coupled with the appellant's testimony, is sufficient proof of the prior conviction to sustain the verdict of the jury. Compare Matthews v. State, 414 S.W.2d 938 (Tex.Cr.App.1967); Alexander v. State, 401 S.W.2d 818 (Tex.Cr. App.1966); and Richardson v. State, 171 Tex.Cr.R. 163, 346 S.W.2d 119 (1961).

The judgment is affirmed.

Opinion approved by the Court.