Joe S. CAZARES, Appellant,

v.

The STATE of Texas, Appellee.

No. 45249.

Court of Criminal Appeals of Texas.

Nov. 8, 1972.

Rehearing Denied Jan. 10, 1973.

A. W. Salyars, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., Bob D. Odom, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful sale of a narcotic drug, to-wit: heroin; punishment was assessed by the court at twelve years.

Initially, appellant contends that the trial court erred in denying his motion for mistrial because of references to him as a "drug pusher" and "dope peddler"; and, that a mistrial should have been granted because this testimony put evidence before the jury of other drug sales.

The record reflects the following:

"Q. (By the Prosecuting Attorney) Okay. Now, when did you have occasion to see him before?

A. (Officer) I had occasion to see him one Monday, March 2nd, when I was informed that he was a drug pusher.

Q. All right. Now, what occasioned you to see him on that date?

A. I wanted to purchase some heroin.

Q. Okay. How were you informed that he was a drug pusher?"

An objection was made and the court sustained the objection and instructed the jury not to consider the answer regarding drug pushers for any purpose. Whereupon the witness was asked to tell the court and the jury what occasioned him to go to the appellant's house on the date in question. The appellant objected to this question and the court overruled the objection, but before the witness could answer, the prosecuting attorney rephrased the question as follows: "Q. Were you told that—by someone, that Mr. Cazares was selling heroin?" Objection was sustained and motion for mistrial overruled. The court then instructed the jury not to consider "the leading question just made by the state's attorney for any purpose."

■ It is noted that the first mentioned objection was sustained by the court and the jury was instructed not to consider the remark for any purpose. No request for a mistrial was made, and, the appellant having received all the relief he requested, no error is shown. Hopkins v. State, Tex.Cr. App., 480 S.W.2d 212; Moon v. State, Tex.Cr.App., 465 S.W.2d 172.

The objection to the leading question was also sustained by the court and, even though the motion for mistrial was overruled, the court instructed the jury not to consider such question for any purpose.

■■ It has long been the rule that the asking of improper questions may usually be cured by the withdrawal of the question and the instruction to the jury to disregard the same. Only in extreme cases, where the question is of such damaging or prejudicial nature as to suggest the impossibility of withdrawing the impression produced in the minds of the jury, is reversible error committed. We conclude that the error herein, if any, was cured by the court's instruction. Hopkins v. State, supra; Casey v. State, Tex.Cr.App., 456 S.W.2d 945; White v. State, Tex.Cr.App., 444 S.W.2d 921; Wheeler v. State, Tex.Cr.App., 413 S.W.2d 705.

■ Complaint is also made of the following remarks by the prosecuting attorney during jury argument on the question of guilt or innocence:

"I think it is common knowledge, of course, that police officers' jobs are not the safest in the world. In fact they are hazardous. March the 2nd Ed Hernandez was going about his job, not the safest in the world, undercover agent. His duty was to find and bring before the bar of justice these dope peddlers and he located one, Joe Cazares. . . .

"What you have to say here is of interest to the people here in Lubbock County. I think from the evidence we can infer that it will be of vital interest to some other dope peddlers out here."

Objections to the above quoted jury arguments were sustained by the court and the jury was instructed to disregard the same, hence the error, if any, was cured. See, e. g. Overstreet v. State, Tex.Cr.App., 470 S.W.2d 653.

■ Further, the references to the appellant as a "dope peddler" are supported by the evidence in this case.[1] Also, we do not agree that mere references, standing alone, to a person as a "drug pusher" or "dope peddler" show that other sales were made by that person.

---

1. See Archer v. State, Tex.Cr.App., 474 S.W.2d 484, where references to the defendant as a "dealer", a "pusher" and "dealing in dope" were held to be supported by the evidence and therefore not to be error. See also, Grant v. State, Tex.Cr.App., 472 S.W.2d 531; Lott v. State, 164 Tex.Cr.R. 395, 299 S.W.2d 145.

Finally, the appellant attacks the sufficiency of the evidence by contending that the chain of custody of the heroin was not shown.

Officer Hernandez testified that on the date in question, while working as an undercover agent for the purpose of purchasing drugs, he purchased a "paper" of heroin from appellant for $20.00. The white substance given to him by appellant was wrapped in white paper and then wrapped in tinfoil. He stated that he took the wrapped substance home where he placed it in a brown envelope which he initialed, dated and sealed, and then placed it in a locked steel box. The next day he personally delivered the package to Detective Bebe, of the Lubbock Police Department. At the trial, Hernandez identified the envelope and its contents as the same that he had received from appellant.

 Detective Bebe testified that after receiving the sealed envelope he marked it, and without opening it, placed the envelope in a box which he marked with his initials. He then wrapped the box with brown paper, to prepare for mailing, and placed the package in a locked file cabinet at the police department. He was the only one who had access to this cabinet. The package remained in the file cabinet for about ten days, after which time he removed the same and mailed it to the Department of Public Safety Laboratory in Austin by certified mail. At the trial, he identified the envelope, box, and brown wrapping paper introduced by the state as the same he had received from Officer Hernandez and sent to Austin.

George Taft, a Chemist with the Texas Department of Public Safety, testified that he received the package; opened the same and placed his initials and a laboratory number on each container within the package; that he analyzed the contents and found same to be heroin; and that he repackaged the heroin and kept it in his custody and control until he personally deliv-

ered it to the prosecuting attorney on the day of the trial.

We conclude that the chain of custody of the heroin was sufficiently shown and reject the contention that a circumstantial evidence charge should have been given on this issue. Compare Oltiveros v. State, Tex.Cr.App., 474 S.W.2d 221; Riggins v. State, Tex.Cr.App., 468 S.W.2d 841; Leal v. State, Tex.Cr.App., 442 S.W.2d 756.

 Further, we reject the contention that the sufficiency of the evidence was not shown since there was a variance in the amount of heroin in question. Appellant argues that the evidence shows an agreement to sell the officer a quarter gram of heroin, whereas the chemist found the quantity to be .11 of a gram. The fact that a lesser quantity may have been shown only indicates that appellant sold less than he promised.

There being no reversible error, the judgment is affirmed.