**Roy MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–81–397–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 11, 1982.

Randy Martin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

This appeal is based on a single ground of error, a claimed violation of appellant's rights under the Speedy Trial Act.

Appellant was originally indicted for the offense of murder. On September 25, 1980, appellant was tried for murder in the 263rd District Court of Harris County and found guilty by a jury of the lesser included, misdemeanor offense of criminally negligent homicide. Appellant's motion for new trial was granted on November 17, 1980. On March 25, 1981, the State filed an information in County Criminal Court at Law No. 6 charging appellant with the offense of negligent homicide. Appellant moved for dismissal of the cause under the Speedy Trial Act, which motion was overruled after hearing. The County Court proceeded to trial on the information, and on April 28, 1981, a jury found appellant guilty as charged and assessed punishment at confinement for one year in the Harris County Jail. The original indictment was not dismissed in District Court until May 5, 1981.

The Speedy Trial Act provides, in pertinent part, as follows:

  Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

  *     *     *     *     *     *

(2) 90 days of the commencement of a criminal action if the defendant is accused of a misdemeanor punishable by a sentence of imprisonment for more than 180 days;

\*     \*     \*     \*     \*     \*

Sec. 2 ...

(b) If a defendant is to be retried following a mistrial, an order granting a new trial, or an appeal or collateral attack, a criminal action commences for purposes of this article on the date of the mistrial, the order granting new trial, or the remand.

Tex.Code Crim.Pro.Ann. art. 32A.02 (Vernon Supp.1982). It is undisputed that appellant's conviction for criminally negligent homicide resulting from the district court murder trial acted as an acquittal of any higher offense. Tex.Code Crim.Pro.Ann. art. 37.14 (Vernon 1981); *Turner v. State*, 518 S.W.2d 243 (Tex.Cr.App.1975). Nor is it disputed that the 90-day time limit applies and that the 90-day period begins November 17, 1980, the date the district court granted new trial. It is clear that more than 90 days elapsed from the date the district court granted new trial until the date appellant was tried in county court. The narrow focus of appellant's argument on appeal is the same as it was prior to trial in his motion to dismiss: he contends that the State was not ready for trial within 90 days of commencement of this offense because the State could not as a matter of law have been ready for trial on the lesser included, misdemeanor offense without having filed an information in county court. Appellant does not contend that the State's witnesses were unavailable or that the State was otherwise in fact not ready for trial at each setting in the district court and in the county court.

In support of his position that a misdemeanor can be prosecuted only upon the filing of an information, appellant relies upon Tex.Code Crim.Pro.Ann. art. 2.05 (Vernon 1977), which provides "[i]f the of-

fense be a misdemeanor, the attorney shall forthwith prepare an information based upon such complaint and file the same in the court having jurisdiction; ..."[1] In addition, appellant cites *Diez v. State*, 157 Tex.Cr.R. 275, 248 S.W.2d 486 (1952). *Diez* stands for the proposition that when prosecution originates in a county court, the filing of an information is necessary to confer jurisdiction upon that court. *Diez* is a case in which a county court did not have jurisdiction to enter judgment because prosecution was originally initiated in county court upon complaint alone. The instant case is clearly distinguishable. The prosecution of appellant was not initiated as a misdemeanor offense requiring the filing of an information under article 2.05. Appellant was originally prosecuted in district court upon a valid felony indictment; the charging instrument was in effect prior to the felony trial in district court and remained in effect throughout the relevant 90-day period and until after appellant was finally tried and convicted in county court for the lesser included, misdemeanor offense.

■■■ The Speedy Trial Act does not require that a defendant actually stand trial within the prescribed time limit, but merely requires that the State be ready for trial within that period. The statute is directed at prosecutorial delay and does not require dismissal for delay attributable to the trial court and its docket. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979). Nor does the statute require the State to seek a trial setting. *Id.* at 542 n. 1. In response to a defendant's motion to dismiss for failure to adhere to provisions of the Speedy Trial Act, the State must declare its readiness for trial then and at the times required by the Act. Such a declaration is a prima facie showing of conformity to the Act but can be rebutted by evidence submitted by defendant demonstrating that the prosecution was not actually ready for trial during the relevant time period. *Id.* at 542. The record reveals that, at the hearing on appel-

---

1. We assume appellant is not relying on that portion of article 2.05 which says "in counties having one or more criminal district courts an information must be filed in each misdemeanor

case," for the Legislature changed Harris County criminal district courts to district courts in 1967. Tex.Rev.Civ.Stat.Ann. art. 199 (174) (Vernon 1969).

lant's motion to dismiss, the State declared that it was ready at each setting in the county criminal court at law and in the district court. In our opinion appellant's showing that an information was not filed in county court during the relevant time period does not rebut the State's prima facie showing of readiness, for the State could have proceeded to try appellant on the pending felony indictment in district court. The district court had original jurisdiction by virtue of the felony indictment filed in that court and had the power to hear and determine the case as to any grade of offense included in the indictment. Tex. Code Crim.Pro.Ann. arts. 4.05, 4.06 (Vernon 1977). In 1913 the Court of Criminal Appeals held that where an accused was indicted for assault with intent to commit murder (a felony) and was convicted of the lesser included offense of aggravated assault (a misdemeanor), the district court did not lose jurisdiction to retry the misdemeanor offense after the original conviction was reversed and new trial was granted on appeal. *Hughes v. State*, 68 Tex.Cr.R. 584, 152 S.W. 912 (1913). In 1980 in a case involving a different jurisdictional question, the Court of Criminal Appeals states that once a court has possession and jurisdiction of a case "that *jurisdiction embraces everything in the case and every question arising* which can be determined in the case, *until it reaches its termination* and the jurisdiction is thereby exhausted" (emphasis in original). *Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex.Cr.App.1980). In addition, Tex.Code Crim.Pro.Ann. art. 4.16 (Vernon 1977) provides that the court in which an indictment or complaint is first filed retains jurisdiction when two or more courts may have concurrent jurisdiction of a criminal offense. *Flores v. State*, 487 S.W.2d 122 (Tex.Cr.App.1972). Based on the foregoing authorities, we conclude that where the district court retained jurisdiction under the felony indictment and could have proceeded with a new trial, instructing the jury on no greater offense than criminally negligent homicide, the State's failure to file an information in county court does not demonstrate a lack of readiness for trial in violation of the provisions of the Speedy Trial Act.

■ In addition, it is our opinion that the district court could have transferred the pending indictment to the county court at any time during the relevant 90-day period and the new trial could have proceeded in county criminal court on the original indictment. Tex.Code Crim.Pro.Ann. arts. 21.26 through 21.30 (Vernon 1966) deal with the transfer of indictments and informations. Art. 21.26 provides:

> Upon the filing of an indictment in the district court which charges an offense over which such court has no jurisdiction, the judge of such court shall make an order transferring the same to such inferior court as may have jurisdiction, stating in such order the cause transferred and to what court transferred.

Art. 21.26 confers authority on a court otherwise lacking jurisdiction over a cause of action to transfer an indictment to a court of appropriate jurisdiction. Surely a court with jurisdiction embracing "everything in the case and every question arising which can be determined in the case" (*Garcia v. Dial, supra*) has no less authority. Just as an indictment transferred pursuant to art. 21.26 is entered on the docket of the court to which it is transferred and the defendant is tried as if the case had originated in the court to which it was transferred (Tex.Code Crim.Pro.Ann. art. 21.29), the district court could have transferred the indictment to the county court during the relevant 90-day period and appellant could have been tried in that court upon the original indictment. The fact that the district court did not undertake to so transfer the indictment does not constitute prosecutorial delay attributable to the State. *See: Barfield v. State, supra.* While the State could have moved for transfer of the indictment, the Speedy Trial Act requires no such action, and mere failure to seek transfer of the indictment does not, in our opinion, rebut the State's prima facie showing of readiness for trial.

We affirm the judgment of the trial court.