Mario MORENO, Appellant,

v.

STATE of Texas, Appellee.

No. B14–83–278CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 16, 1984.

Roy Beene, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ROBERTSON, Justice.

The conviction is for the felony offense of possession of methaqualone; the punishment is five years confinement. At issue on this appeal is the validity of a conviction under the Controlled Substances Act as amended by House Bill 730, 67th Leg., 1981, Ch. 268. We reform the judgment and affirm the conviction but remand to the trial court for the assessment of appropriate punishment.

Appellant was indicted for possessing, with intent to deliver, methaqualone weighing at least 400 grams. Methaqualone is listed in Penalty Group 3. TEX.REV.CIV. STAT.ANN. art. 4476–15, § 4.02(d)(2) (Vernon Supp.1982–1983). Under H.B. 730 this constituted an aggravated offense punishable by life or any term of years from 10 to 99 and a fine not exceeding $100,000. TEX.REV.CIV.STAT.ANN. art. 4476–15, § 4.032(d)(2) (Vernon Supp.1982–1983). At trial, on motion of the state, the charge was reduced to possession of methaqualone weighing "between 200 and 400 grams," also an aggravated offense punishable by life or any term of years from 5 to 99 and a fine not exceeding $50,000. TEX.REV. CIV.STAT.ANN. art. 4476–15, § 4.042(d)(1) (Vernon Supp.1982–1983).

In *Ex parte Crisp*, 661 S.W.2d 944 (Tex. Cr.App., 1983), the Court of Criminal Appeals declared H.B. 730 unconstitutional, but further provided that "the Controlled Substances Act stands as though H.B. 730 had never been enacted."

Prior to the passage of H.B. 730, possession with intent to deliver a controlled substance in Penalty Group 3 was a third degree felony. Art. 4476–15, § 4.03(b)(3) (Vernon 1976). The district

court therefore had jurisdiction of the offense charged. *Martinez v. State*, 632 S.W.2d 783 (Tex.App.—Houston [14th Dist.] 1982, no pet.). Also, prior to passage of H.B. 730, possession of a controlled substance in Penalty Group 3 was a Class A misdemeanor. Art. 4476–15, § 4.04(b)(3) (Vernon 1976). The allegation of the indictment, as reduced at trial, was sufficient to allege a Class A misdemeanor offense and appellant may properly be convicted of such offense. *Bass v. State*, 661 S.W.2d 954 (Tex.Cr.App., 1983).

Since the district court had jurisdiction of the offense alleged, it likewise had jurisdiction to try any lesser offense included within the greater offense charged. TEX.CODE CRIM.PROC.ANN. art. 4.06 (Vernon 1977).

We therefore reform the judgment to reflect that instead of a finding that appellant was adjudged guilty of "a felony" it show the offense of which he is convicted is "a misdemeanor." Furthermore, we remand this matter to the trial court for the assessment of punishment in accordance with the statute.

The judgment is affirmed as reformed, but remanded to the trial court for resentencing consistent with this opinion.