TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00342-CV






Texas Board of Law Examiners, Appellant


v.


Donald Little, Appellee






FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY,

NO. C-1-CV-09-002709, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 After the Texas Board of Law Examiners ("TBLE") found pro se appellee
Donald Little unfit to practice law in Texas, Little appealed TBLE's decision to County Court
No. 1 of Travis County. Because only Travis County district courts have jurisdiction over appeals
from TBLE decisions, see Rules Governing Admission to the Bar of Texas, Rule XV(k)(1) (2009), (1)
the county court dismissed the case for want of jurisdiction, but also ordered the case transferred to
the Travis County district clerk for filing in a Travis County district court. TBLE appeals from the
county court's order, arguing that because the county court did not have subject matter jurisdiction
over the case, it did not have the authority to transfer the case to district court. We vacate the portion
of the trial court's order transferring the case and dismiss for want of jurisdiction.


BACKGROUND

 Donald Little, an attorney licensed in Utah and Louisiana, applied for admission to
the State Bar of Texas. On December 5, 2008, a three-member panel of TBLE held a hearing to
consider whether Little possessed the good moral character required for admission to the practice
of law in Texas. The panel found that Little lacked the requisite moral character for admission,
suggested curative measures, and mandated that Little could not petition for redetermination before
December 5, 2010. (2)

 Little sought to appeal TBLE's ruling. Under the rules governing review of TBLE
decisions, the "affected Applicant or Declarant shall institute, in the district courts of Travis County,
Texas proceedings for review of such decision within sixty (60) days after the date the written
decision is mailed to the Applicant." Rules Governing Admission to the Bar of Texas,
Rule XV(k)(1). Within the allotted 60 days, Little prepared a notice of administrative appeal of
TBLE's decision that indicated that it was to be filed "IN THE DISTRICT COURT OF TRAVIS
COUNTY, TEXAS." However, Little went to the wrong clerk's office to file the notice and
mistakenly filed it with the clerk of the county court of Travis County. According to Little's
statements during the hearing before the trial court, he observed the county court clerk scratch out
the word "DISTRICT" on his notice and write in "COUNTY." Little did nothing at that time to
remedy the situation. The matter was subsequently filed in County Court No. 1 of Travis County.

 TBLE filed a plea to the jurisdiction. At the hearing on the plea to the jurisdiction,
Little stipulated that the trial court, being a county court, did not have jurisdiction over the matter. 
Little argued, however, that the trial court should transfer the case to a Travis County district court. 
The trial court granted TBLE's plea to the jurisdiction, ordered the case dismissed, and additionally
ordered that "the cause is transferred to the Travis County District Clerk for filing in a Travis County
District Court." TBLE then filed this interlocutory appeal from the trial court's order, arguing that
the trial court did not have the authority to transfer a case over which it did not have subject
matter jurisdiction.


DISCUSSION

Jurisdiction of the Appellate Court

 We begin with the jurisdiction of this court to hear TBLE's interlocutory appeal, an
issue raised in Little's response brief. The civil practice and remedies code indicates that a person
may appeal from an interlocutory order of a county court that "grants or denies a plea to the
jurisdiction by a governmental unit as that term is defined in Section 101.001." Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(8) (West 2008). In this case, the trial court's order clearly rules on
a plea to the jurisdiction by TBLE. Further, TBLE qualifies as a "governmental unit" under the civil
practice and remedies code. Id. § 101.001(3)(a) (West 2005) (including in the definition of
"governmental unit" "all of the several agencies of government that collectively constitute the
government of this state, including . . . all departments, bureaus, boards, commissions, offices,
agencies, councils, and courts") (emphasis added). Accordingly, under the plain language of the
statute, we have jurisdiction to consider the appeal.

 Little, however, argues that our jurisdiction does not extend to the portion of the trial
court's order transferring the case to district court. As a general matter, a trial court's "decision
regarding transfer of venue . . . is not subject to interlocutory appeal." Bristol-Myers Squibb Co.
v. Barner, 964 S.W.2d 299, 301 (Tex. App.--Corpus Christi 1998, no pet.); see also Tex. Civ. Prac.
& Rem. Code Ann. § 15.064(a) (West 2008). However, an interlocutory appeal may be taken on a
transfer order that constitutes an "implicit rejection" of a governmental unit's plea to the jurisdiction.
 See Thomas v. Long, 207 S.W.3d 334, 340 (Tex. 2006) (holding that trial court's rulings on issues
over which it does not have subject matter jurisdiction "constitute an implicit rejection of . . .
jurisdictional challenges" and may therefore be subject to interlocutory appeal); cf. Surgitek v. Abel,
997 S.W.2d 598, 601 (Tex. 1999) (holding that order transferring venue was subject to interlocutory
appeal when "predicated on [the court's] decision about the propriety of the plaintiffs' joinder,"
where joinder was issue on which interlocutory appeal could be taken). In light of our conclusion
below that the trial court lacked jurisdiction to transfer the case, we construe the trial court's order
granting transfer as an "implicit rejection" of TBLE's plea to the jurisdiction. (3) Consequently, the
order is one we may review on an interlocutory basis.


Jurisdiction of the Trial Court

 We turn to the issue of whether the trial court had jurisdiction to transfer the case to
the district court. Subject matter jurisdiction is essential to the authority of a court to decide a case;
it is never presumed and cannot be waived. Texas Ass'n of Bus. v. Texas Air Control Bd.,
852 S.W.2d 440, 443-44 (Tex. 1993). Regarding the powers of a court lacking jurisdiction, the trial
court said it best: "It is axiomatic that a judge without jurisdiction can only take one action in a case
and that is to sign a dismissal." In other words, "[n]o jurisdiction means exactly that." Parker
v. Cumming, 216 S.W.3d 905, 911 (Tex. App.--Eastland 2007, pet. denied) (explaining that court
without jurisdiction "had no authority to do anything"). Consequently, lack of jurisdiction brings
with it the concomitant lack of authority to transfer the case to a court with jurisdiction, unless the
transfer is otherwise authorized. (4) See Qwest Microwave, Inc. v. Bedard, 756 S.W.2d 426, 438-39
(Tex. App.--Dallas 1988, no writ) (explaining that, while cases may be transferred between courts
of concurrent jurisdiction, court that has "no jurisdiction [] whatsoever" cannot transfer case to court
with jurisdiction).

 In this case, the parties stipulated that the trial court did not have jurisdiction to hear
the case under the Rules Governing Admission to the Bar of Texas. Accordingly, the trial court did
not have the subject matter jurisdiction to "do anything" with the case, including transfer it. 
See id. at 438. Little does not cite, nor have we found, any statutes or cases authorizing a county
court without jurisdiction to transfer an appeal such as this to a proper district court. (5) Accordingly,
we conclude that the trial court's order transferring the case to district court is void due to want of
jurisdiction. (6) See id. (holding that orders exceeding the scope of court's jurisdiction are not merely
voidable but void).


CONCLUSION

 We vacate the portion of the trial court's order transferring the case and dismiss for
want of jurisdiction. (7)


__________________________________________

 Diane M. Henson, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Vacated and Dismissed for Want of Jurisdiction

Filed: December 31, 2009
1. The Rules Governing Admission to the Bar of Texas are promulgated by the Texas
Supreme Court as authorized by statute. See Tex. Gov't Code Ann. § 82.022 (West 2005).
2. The panel's decision was based on Little's issues with the Internal Revenue Service and
his failure to sufficiently disclose that information to TBLE.
3. Little also argues that this Court lacks jurisdiction to hear TBLE's appeal because TBLE
was the "winner" with regard to its plea to the jurisdiction. However, the fact that the trial court
exercised jurisdiction when it transferred the case indicates that TBLE did not entirely prevail,
despite the language in the order granting TBLE's plea to the jurisdiction.
4. Transfer from a court lacking in jurisdiction may be authorized by statute. For example,
the code of criminal procedure "confers authority on a court otherwise lacking jurisdiction over a
cause of action to transfer an indictment to a court of appropriate jurisdiction." Martinez v. State,
632 S.W.2d 783, 786 (Tex. App.--Houston [14th Dist.] 1982, no pet.); see also Tex. Code Crim.
Proc. Ann. art. 21.26 (West 2009). Further, Texas caselaw also recognizes some exceptions to the
general rule prohibiting transfer from a court lacking subject matter jurisdiction. See, e.g., Texas
Employers' Ass'n v. Cashion, 130 S.W.2d 1112, 1113 (Tex. Civ. App.--Dallas 1939, writ ref'd)
(noting that bill of review filed in wrong district court because of mistake by clerk could be
transferred to district court with jurisdiction). However, no statutory or common law exception
applies to this case.
5. Even if the transfer order were to remain in place, the district court receiving the case
would have no authority to hear it. A district court "has no authority to hear claims that were
originally pleaded before a [] court lacking in subject-matter jurisdiction," even if the district court
could hear the claims if they were properly pleaded de novo. See Qwest Microwave, Inc. v. Bedard,
756 S.W.2d 426, 438-39 (Tex. App.--Dallas 1988, no writ).
6. In attempting to preserve the transfer order and allow the district court to hear the case,
Little argues that the rules of procedure should be applied "liberally to reach the merits of the appeal
whenever possible," citing Warwick Towers Council v. Park Warwick, L.P., 244 S.W.3d 838, 839
(Tex. 2008). As pointed out by TBLE, Warwick Towers and its progeny (including In re Smith,
270 S.W.3d 783 (Tex. App.--Waco 2008, no pet.), a case cited by Little in an earlier filing) involve
procedural defects affecting cases that had been filed in the correct court. See id. (involving appeal
filed in proper court where appellant "failed to name itself as the appellant in its notice of appeal"). 
Further, these cases involve interpretation of the rules of appellate procedure, which apply only to
appeals filed in "appellate courts," not district or county courts. See Tex. R. App. P. 1.1 ("These
rules govern procedure in appellate courts . . . ."), 3.1(b) (defining "appellate court" as "the courts
of appeals, the Court of Criminal Appeals, and the Supreme Court"). Accordingly, these cases do
not bear directly on the resolution of Little's appeal.
7. Little argues that even if the trial court's transfer order cannot stand, the case should be
remanded with instructions indicating that the 60-day tolling provision of the civil practice and
remedies code applies to his case. See Tex. Prac. & Rem. Code Ann. § 16.064 (West 2008). We
note, however, that section 16.064 applies to limitations provisions, not to filing prerequisites
imposed by statute. Heart Hosp. IV, L.P. v. King, 116 S.W.3d 831, 836 (Tex. App.--Austin 2003,
pet. denied) ("Because section 16.064 is an exception to the general limitations provisions, it does
not apply to proceedings created by statutes, such as statutory reviews of administrative decisions.");
see also Castillo v. Allied Ins. Co., 537 S.W.2d 486, 487 (Tex. Civ. App.--Amarillo 1976,
writ ref'd n.r.e.) (holding that mandatory 20-day appeal period of Worker's Compensation Board
decision is not affected by 60-day tolling provision of section 16.064 because section 16.064 "does
not affect special statutory proceedings"). We further note that this and other arguments relating to
whether a district court could reach the merits of the case at this juncture are properly raised and
determined if and when the appeal is filed in the correct court.