## TEXAS EMPLOYERS' ASS'N v. CASHION.
### No. 12741.

Court of Civil Appeals of Texas. Dallas.

June 17, 1939.

Rehearing Denied July 15, 1939.

Lawther, Cramer, Perry & Johnson, of Dallas, for plaintiff in error.

A. C. Scurlock and White & Yarborough, all of Dallas, for defendant in error.

YOUNG, Justice.

Plaintiff in error was defendant in the trial court, and defendant in error, the plaintiff, and they will be so designated here for practical purposes. Defendant's general demurrer was sustained to plaintiff's bill of review, resulting in a dismissal of the bill, the court's grounds therefor appearing in its final order, from which are taken the following recitals: "On this 6th. day of April A. D. 1938, came on regularly for hearing the above entitled and numbered cause, and the parties appeared by their respective attorneys and announced ready upon the pleading, whereupon the court proceeded to hear defendant's general demurrer to plaintiff's pleadings herein, and it appearing to the Court that this suit is a bill of review to review a judgment of dismissal by this Court at a prior term, and that said bill of review was by the Clerk originally filed in the 116th District Court and then transferred to this Court, and it being the opinion of the Court that the 116th. District Court was without jurisdiction to entertain this suit and this Court could therefore not acquire jurisdiction by a transfer of the case from that Court, it is the opinion of the Court that said general demurrer is well taken and should be sustained, and this suit dismissed; however, that the dismissal should be without prejudice to plaintiff's right to originally file in this

Court. a suit or bill of review involving matters set up herein."

Defendant excepted to the "without prejudice" part of the dismissal, and plaintiff to the order in its entirety; both parties giving notice of, and duly perfecting their appeals; defendant ordering transcript, which was filed in this Court within sixty days from the date plaintiff filed his affidavit in lieu of bond on appeal; defendant coming up by petition for writ of error.

We do not deem it necessary to detail the material allegations of plaintiff's bill of review, filed September 11, 1937, seeking to re-litigate the merits of a previous suit styled Texas Employers' Insurance Association v. F. E. Cashion, which earlier cause had been pending in the 14th District Court, and dismissed for want of prosecution on February 4, 1937. It is sufficient to say that said bill alleged a cause of action as against a general demurrer, and contained all the elements required of such an equitable proceeding. The basis for the trial court's action in dismissing plaintiff's bill on demurrer, is obviously upon the fact that the petition for review was filed by the district clerk in the 116th District Court on above date, and, on September 13, transferred by the last-named court to the 14th District Court; that no jurisdiction existed in the 116th Court to maintain said bill and, as a consequence, no jurisdiction was acquired by the 14th District Court through the order of transfer. In other words, under the principle that bills of review are required to be brought in the court where the judgment under attack was rendered, it was the trial court's opinion that the instant suit, so filed originally, though transferred to the proper court, continued to be a collateral attack upon the former judgment.

The facts surrounding the filing of plaintiff's petition under his allegations (which must be accepted as true upon demurrer) are these: In connection with its caption, setting forth the parties plaintiff and defendant, the bill bore the address "In the 14th Judicial District, Dallas County, Texas", and was handed to the district clerk with the statement that it was being filed in the 14th District Court. Notwithstanding the fact that the petition was prepared for filing in the particular court, and the request to the clerk that it be filed therein, the latter official placed thereon a number that belonged to the 116th District Court, viz.: "No. 31,675–F". On September 13, 1937, the Judge of the 116th District Court entered an order purporting to transfer the cause to the 14th District Court. Citation was forthwith issued in the cause out of the 14th District Court, commanding defendant to appear and answer in the 14th District Court; and defendant later filed its answer, consisting of general demurrer and denial in the court last named. A trial on the pleadings followed and defendant's general demurrer was sustained. It is defendant's contention that the action of the court was an adjudication upon the merits of plaintiff's pleading as a bill of review, and, plaintiff refusing to amend, the case should have been dismissed with prejudice and that the qualification of such final order to be "without prejudice" was error. Defendant's position is not borne out by the judgment here appealed from, because therein is recited that the dismissal was on ground of jurisdiction alone; hence, there was no adjudication upon the merits of plaintiff's cause of action, as claimed.

We think the demurrer in question should have been overruled. In the application of equitable principles, the letter should not be emphasized over the substance of things, for sometimes "The letter killeth but the spirit giveth life". Plaintiff's intention, manifested by his acts, was to file his petition in the court that had originally rendered the adverse judgment, for it was maintainable in no other. Owens v. Foley, 42 Tex.Civ.App. 49, 93 S.W. 1003. Having performed every act legally required of him to place his case before the only court that could entertain his bill, the omission of the clerk to make a proper endorsement on the paper left with him does not prejudice the valuable right of the party filing the same. Holman v. Chevaillier's Adm'r, 14 Tex. 337; Blackburn v. State, Tex.Civ.App., 72 S.W.2d 627; Ex parte Leifeste, 127 Tex.Cr.R. 445, 77 S.W.2d 675. Moreover, this Court has held in Citizens' Bank v. Brandau et al., Tex.Civ.App., 1 S.W.2d 466, writ refused, that a suit to enjoin enforcement of a judgment rendered by the 101st District Court of Dallas County, having been tried in such court, to which the cause was transferred by the 44th District Court, where it was first docketed, was consistent with Art. 199, Sec. 14, R.S., regulating the filing of suits in Dallas County district courts, and was a direct and not a col-

lateral attack on such judgment.. And in Ross v. Drouilhet, 34 Tex.Civ.App. 327, 80 S.W. 241, 244, where the facts were quite similar and the law governing the Galveston district courts virtually the same, the court held: "We think, however, the contention that the attack is a direct one on the judgment and process assailed may be upheld upon two grounds: First, under the peculiar legislative provision governing the two courts, and the power expressly conferred upon each judge to transfer causes, it was perhaps the duty of the judge to transfer suits improperly brought in one court rather than to dismiss; and, second, the reason for the transfer being a want of jurisdiction in the Fifty-Sixth District Court, the ·filing of the papers thereafter in the Tenth District Court was tantamount to the institution of the suit in that court. We therefore hold that under the facts disclosed by the response to the certiorari the suit must be held to be a direct and not a collateral attack upon the judgment and process of the Tenth District Court."

It is our conclusion that the judgment of the trial court, dismissing this cause, should be reversed and said court ordered to reinstate said cause upon the docket in its regular order for trial.

Reversed with instructions.