Opinion issued January 24, 2008







     






In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00899-CV





THE CADLE COMPANY, Appellant

v.

ROY H. BRAY, Appellee





On Appeal from County Civil Court at Law Number One
Harris County, Texas
Trial Court Cause No. 851,629




O P I N I O N
          Appellant, The Cadle Company (“Cadle”), appeals the summary judgment
rendered in favor of appellee, Roy H. Bray, that collaterally attacked and declared
void a default judgment against Bray in an earlier case involving the same two
parties. Cadle contends that the trial court improperly granted summary judgment 
because (1) Cadle’s petition to revive the dormant judgment that led to the default
was a properly filed “action of debt”; (2) the Harris County Court at Law had subject-matter jurisdiction over Cadle’s petition to revive the judgment underlying the default
judgment; and (3) the claims brought by Bray are barred by res judicata. We
conclude that County Court at Law No. 1 had subject-matter jurisdiction to render the
default judgment and the remainder of Bray’s challenges are barred by res judicata. 
We reverse and render judgment in favor of Cadle. 
Background
          Bray executed a promissory note payable to Security Bank in the amount of
$60,000. Bray v. Cadle Co., 880 S.W.2d 813, 815 (Tex. App.—Houston [14th Dist.]
1994, writ denied). The note was secured by a Transfer of Note and Liens, covering
a promissory note in the amount of $90,000. Id. When Bray failed to pay the fourth
quarter interest, Security Bank sought full payment on the note. Id. The Federal
Deposit Insurance Corporation (“FDIC”) became the receiver of the note when
Security Bank ceased operating. Id. The FDIC sold all of Security Bank’s notes,
including both Bray’s note and the note securing Bray’s note, to Cadle. Id. 
           Cadle sued Bray for recovery of the debt in Harris County Court at Law No. 1. 
On January 28, 1993, pursuant to a jury verdict, the trial court rendered judgment in
favor of Cadle for $20,568.53, plus pre- and post-judgment interest, attorney’s fees
and attorney’s fees on appeal. Id. Bray never paid the judgment against him. 
          Almost 12 years later, on January 13, 2005, Cadle filed a lawsuit seeking to
revive the 1993 judgment against Bray. The pleading asserted that under section
34.001(a) of the Texas Civil Practice and Remedies Code,


 the judgment rendered
January 28, 1993 had become dormant since it was not executed within 10 years of
its rendition. The petition pleaded that under section 31.006 of the Texas Civil
Practice and Remedies Code,


 the judgment became dormant on January 28, 2003, but
it could be revived within two years of that date. The petition to revive filed by Cadle
stated that jurisdiction was based on “the judgment previously rendered in Cause No.
579,602; The Cadle Company v. Roy H. Bray; in County Court at Law No. 1, Harris
County, Texas.” Although the petition showed that jurisdiction was proper in Harris
County Court at Law No. 1, the clerk assigned the case to Harris County Court at Law
No. 3. Bray was served but did not answer. Subsequently, the Harris County
Administrative Judge transferred the case to Harris County Court at Law No. 1. In
the order transferring the case, the administrative judge stated, “Pursuant to the local
rules, [cause number 829,990] previously filed in court 579,602 [sic] under docket
number 1 [sic], is transferred to the County Court at Law No. One, Harris County
Texas.” Harris County Court at Law No. 1 granted a default judgment in favor of
Cadle on August 25, 2005. In the default judgment, the trial court revived the
underlying 1993 judgment and awarded Cadle $71,191.38, which was the amount of
the original judgment plus interest. The default judgment noted that Bray was “duly
and legally cited to appear and answer,” but he defaulted by failing to appear and
answer.
          On November 11, 2005, Bray filed this suit against Cadle, seeking a
declaratory judgment that the default judgment reviving the 1993 judgment was void
for three reasons. First, Bray contended that the default judgment was void because
County Court at Law No. 3 did not have subject matter jurisdiction to revive the 1993
judgment, which was rendered by County Court at Law No. 1. Bray explained that
the suit to revive filed by Cadle was not an action of debt, since it sought only to
revive the underlying 1993 judgment, and that it was instead an action for scire
facias, over which County Court at Law No. 1 had exclusive jurisdiction. Bray stated
further that the transfer of the case to County Court at Law No. 1 did not give that
court jurisdiction to hear the matter “since jurisdiction is determined at the time the
suit is filed.” Second, Bray pleaded that the default judgment was void because
County Court at Law No. 1 lacked personal jurisdiction over Bray. Specifically, Bray
stated that he “was never served with a citation or petition showing that the cause
number 829,990 was filed” in County Court at Law No. 1. Bray contended that the
citation and petition in County Court at Law No. 3 were nullities. Third, Bray
asserted that the default judgment was unsupported by the pleadings. Bray explained
that the petition in cause number 829,990 is not an action of debt since only costs of
court were requested, and that the default judgment is not supported by Cadle’s
pleadings. Cadle answered denying Bray’s claims and pleading the affirmative
defenses of estoppel, laches, and res judicata. By agreement of the parties, this suit
seeking the declaratory judgment was transferred from County Court at Law No. 3
to County Court at Law No. 1.
          Cadle filed a motion for summary judgment, asserting that res judicata barred
Bray’s collateral attack and that Cadle’s suit to revive the judgment was “a new action
of debt” and not a motion for scire facias that had to be filed in the court that
rendered the original judgment. Cadle also asserted that its suit to revive was
properly transferred from County Court at Law No. 3 to County Court at Law No. 1.
          Bray responded and filed a cross-motion for summary judgment claiming that
County Court at Law No. 3 did not have subject matter jurisdiction over Cadle’s suit
to revive the 1993 judgment because it was a motion for scire facias; that County
Court at Law No. 1 did not have personal jurisdiction over Bray because he was
served with the petition while it was pending in County Court at Law No. 3, a court
that never had proper jurisdiction over the scire facias motion; and that the default
judgment was unsupported by the pleadings. The trial court granted Bray’s motion
for summary judgment without stating the grounds for the ruling. Cadle filed a
motion for new trial, which was denied. The trial court rendered final judgment in
favor of Bray declaring the default judgment void and void ab initio and awarded
Bray attorney’s fees. 
Summary Judgment
          We review a trial court’s grant of summary judgment de novo. Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). Summary judgment is
proper only when the movant establishes that there is no genuine issue of material
fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P.
166a(c). The motion must state the specific grounds relied upon for summary
judgment. Id. In reviewing a summary judgment, we must indulge every reasonable
inference in favor of the nonmovant, take all evidence favorable to the nonmovant as
true, and resolve any doubts in favor of the nonmovant. Valence, 164 S.W.3d at 661.
          When both sides move for summary judgment and the trial court grants one
motion and denies the other, we review the summary judgment evidence presented
by both sides and determine all questions presented. Comm’rs Ct. v. Agan, 940
S.W.2d 77, 81 (Tex. 1997); Cigna Ins. Co. v. Rubalcada, 960 S.W.2d 408, 411–12
(Tex. App.—Houston [1st Dist.] 1998, no pet.). We render such judgment as the trial
court should have rendered. Agan, 940 S.W.2d at 81; Rubalcada, 960 S.W.2d at 412. 
When, as here, a summary judgment does not specify the grounds on which it was
granted, we will affirm the judgment if any one of the theories advanced in the motion
is meritorious. Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 157 (Tex.
2004). Declaratory judgments decided by summary judgment are reviewed under the
same standards of review that govern summary judgments generally. See Tex. Civ.
Prac. & Rem.Code Ann. § 37.010 (Vernon 1997); Lidawi v. Progressive County
Mut. Ins. Co., 112 S.W.3d 725, 730 (Tex. App.—Houston [14th Dist.] 2003, no pet.).
A. Subject Matter Jurisdiction
          In its first issue, Cadle contends that the trial court erred by rendering summary
judgment that declared void the default judgment on the ground that County Court
at Law No. 1 lacked subject matter jurisdiction over the matter. 
          Subject matter jurisdiction may be challenged at any time. See Tex.
Employment Comm’n v. Int’l Union of Elec., Radio and Mach. Workers, Local Union
No. 782, 163 Tex. 135, 352 S.W.2d 252, 253 (1961). The question of subject matter
jurisdiction is a legal question that we review de novo. Tex. Dep’t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 228 (Tex. 2004). Our task is to examine the
pleadings, to take as true the facts pleaded, and to determine whether those facts
support jurisdiction in the trial court. See Tex. Ass’n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings in favor of the pleader. 
Id.
          The default judgment was issued by County Court at Law No. 1, the same court
that issued the underlying 1993 judgment. Thus, assuming Bray is correct that the
suit to revive was a scire facias claim and that it had to be resolved in the same court
that issued the underlying judgment,


 the record here undisputedly shows that the
default judgment was issued by the same court that issued the underlying judgment
for that claim. The record further undisputedly shows that Cadle attempted to have
the case filed in County Court at Law No. 1 by stating in its petition that jurisdiction
was proper in County Court at Law No. 1 due to the judgment that was previously
rendered in that court. Cadle, therefore, attempted to have the case assigned to the
court that rendered the prior judgment. Bray contends that we must determine
whether there is subject matter jurisdiction at the time the case is filed. However, it
is undisputed that County Court at Law No. 1 had jurisdiction at the time the case was
filed because the prior judgment was issued in that court.
          The challenge by Bray is narrow. Bray claims that because Cadle’s suit to
revive was assigned by the county clerk to County Court at Law No. 3 instead of
County Court at Law No. 1, where the scire facias claim belonged, that County Court
at Law No. 1 never properly had jurisdiction over the claim, despite the transfer by
the administrative judge, who ordered the claim transferred from County Court at
Law No. 3 to County Court at Law No. 1. Assuming that the claim was for scire
facias as Bray asserts and that the scire facias claim had to be resolved in the same
court that issued the underlying judgment, we cannot conclude that the initial
assignment of the case in County Court at Law No. 3 rather than County Court at Law
No. 1, the latter being expressly referred to in the petition, deprives County Court at
Law No. 1 of subject matter jurisdiction. 
          Bray filed a “Post Argument Brief,” in which he cites to Texas Employers’
Ass’n v. Cashion, a case that he claims is distinguishable and “does not appear to be
well reasoned.” See Tex. Employers’ Ass’n v. Cashion, 130 S.W.2d 1112, 1113 (Tex.
Civ. App.—Dallas 1939, writ ref’d). We disagree. The circumstances in Cashion
concern a bill of review, but are procedurally similar to those here. See id. In
Cashion, the plaintiff’s petition contained a caption that named both the plaintiff and
defendant, bore the address “In the 14th Judicial District, Dallas County, Texas,” and
was handed to the district clerk with the oral statement that it was being filed in the
14th District Court, but the clerk instead assigned the petition a number that belonged
to the 116th District Court. Id. The 116th District Court entered an order purporting
to transfer Cashion’s cause to the 14th District Court. Id. The 14th District Court
issued the citation for Cashion’s cause and, after the defendant answered, sustained
the defendant’s general demurrer in a trial on the pleadings. Id. In its appeal, the
defendant asserted that the action of the 14th District Court was an adjudication upon
the merits of Cashion’s pleading as a bill of review and that the trial court erred by
dismissing Cashion’s case without prejudice. Id. The Dallas Court of Appeals
disagreed, noting that the 14th District Court’s judgment recited that the dismissal
was on the ground of jurisdiction alone and therefore was not an adjudication of the
merits of Cashion’s cause of action. Id. In reversing the trial court’s dismissal of
Cashion’s cause of action, the appellate court held that the trial court should have
overruled the demurrer and set the cause on the trial court’s regular docket for trial. 
Id. at 1114. Thus, the appellate court determined that the district court had
jurisdiction over the case, even though the district court received the case by transfer
from another district court within the same county. See id. at 1113. The appellate
court noted that Cashion’s “intention, manifested by his acts, was to file his petition
in the court that had originally rendered the adverse judgment, for it was maintainable
in no other.” Id. The appellate court said that Cashion “performed every act legally
required of him to place his case before the only court that could entertain his bill,”
and that the clerk’s failure to properly make an “endorsement on the paper left with
him does not prejudice the valuable right of the party filing the same.” Id. 
          Bray contends Cashion is distinguishable because Cadle did not perform every
legal act required of it to place its case before County Court at Law No. 1. Bray states
that Cadle (1) failed to place the court number or original cause number in the caption
of the petition that were left blank by Cadle, (2) took no action to change the style of
the cause after the case was transferred by continuing to name County Court at Law
No. 3 in the captions of the motions it filed, and (3) allowed the case to be dismissed
for want of prosecution.


 Of these three circumstances asserted by Bray, the only
circumstance pertinent to the time of the initial filing is the caption on the original
petition, which was left blank rather than filled in with the information for County
Court at Law No. 1. But, as noted above, within the petition was a statement that the
case would be properly assigned to County Court at Law No. 1. We agree with the
reasoning of Cashion that a plaintiff’s petition that includes a statement concerning
the proper court for the case to be assigned is sufficient to show the plaintiff’s intent
concerning the court to which the case should be assigned. See id. We also agree
with the reasoning of Cashion that the transferee court did not lose subject-matter
jurisdiction merely because it received the case by transfer from another court of
concurrent jurisdiction within the same county. See id.
          Also in his “Post Argument Brief,” Bray refers to the transfer of cases
authorized by the Texas Government Code. See Tex. Gov’t Code Ann. § 74.121(a)
(Vernon 2006). Section 74.121 of the Government Code states, 
The judges of constitutional county courts, statutory county courts,
justice courts, and small claims courts in a county may transfer cases to
and from the dockets of their respective courts, except that a case may
not be transferred from one court to another court without the consent
of the judge of the court to which it is transferred and may not be
transferred unless it is within the jurisdiction of the court to which it is
transferred.

Id.
          Bray states, “Although Section 74.121 is silent on whether the transferring
court must have jurisdiction over the case being transferred, it is sound legal
reasoning that the legislature presumed that a court has jurisdiction over a case that
it intends to transfer.” The plain language of section 74.121 specifically provides that
these courts may transfer cases between them. See id. Nothing in the rule requires
that the transferor court have subject matter jurisdiction for the administrative judge
to have authority to transfer the case. See id. The only limitations to transfer, consent
by the transferee court and jurisdiction by the transferee court, are not challenged by
Bray. See id. Thus, the transfer of the case was proper under the terms of section
74.121 of the Government Code. See id.
          County Court at Law No. 1 issued both the underlying 1993 judgment and the
default judgment reviving the 1993 judgment. We cannot conclude that County Court
at Law No. 1 never had subject matter jurisdiction over the claim, which was properly
filed with the county clerk’s office by Cadle, merely because the clerk originally
assigned Cadle’s suit to a companion court within the same county. See id. We hold
that the trial court erred by rendering summary judgment on the ground that County
Court at Law No. 1 lacked subject matter jurisdiction to issue the default judgment
and by declaring void the default judgment.
          B. Personal Jurisdiction
          In its second issue, Cadle contends that the trial court erred by rendering
summary judgment that declared void the default judgment because County Court at
Law No. 1 lacked personal jurisdiction over Bray. Bray was served with citation in
Cadle’s suit to revive while it was pending in County Court at Law No. 3 and
received notice of the lawsuit. However, Bray claims that County Court at Law No.
1 never had personal jurisdiction over him due to the failure to serve him with a
petition that named County Court at Law No. 1.
          The judgment in cause number 829,990 was a default judgment. The Texas
Rules of Appellate Procedure and case law provide procedures to challenge a default
judgment through a restricted appeal or a bill of review. See Tex. R. App. P. 30
(restricted appeal); Caldwell v. Barnes, 154 S.W.3d 93, 96–97 (Tex. 2004) (bill of
review). A restricted appeal is a direct attack on a judgment.


 Roventini v. Ocular
Scis., Inc., 111 S.W.3d 719, 721 (Tex. App.—Houston [1st Dist.] 2003, no pet.). A
bill of review is an equitable proceeding brought by a person seeking to set aside a
judgment that is no longer subject to challenge by a motion for new trial or appeal. 
Caldwell, 154 S.W.3d at 96–97; Wolfe v. Grant Prideco, Inc., 53 S.W.3d 771, 773
(Tex. App.—Houston [1st Dist.] 2001, pet. denied).


 Bray opted not to challenge the
default judgment through a restricted appeal or bill of review. See Tex. R. App. P. 30;
Caldwell, 154 S.W.3d at 96–97. Instead, Bray challenges the court’s personal
jurisdiction over him in the default judgment by collaterally attacking the judgment
in this case through this petition for a declaratory judgment.
          Having failed to challenge the default judgment through a restricted appeal or
bill of review, Bray may not now challenge personal jurisdiction in this collateral
attack. When reviewing a collateral attack, we presume the validity of the judgment
under attack. Shackleford v. Barton, 156 S.W.3d 604, 606 (Tex. App.—Tyler 2004,
pet. denied); Johnson v. Ventling, 132 S.W.3d 173, 177 (Tex. App.—Corpus Christi
2004, no pet.); Toles v. Toles, 113 S.W.3d 899, 914 (Tex. App.—Dallas 2003, no
pet.). The recitations of the judgment control. Narvaez v. Maldonado, 127 S.W.3d
313, 317 (Tex. App.—Austin 2004, no pet.); Toles, 113 S.W.3d at 914. The default
judgment clearly shows that service was accomplished on Bray, stating that Bray had
“been duly and legally cited to appear and answer.” We hold that the trial court erred
by rendering summary judgment in favor of Bray on the ground that the court lacked
personal jurisdiction over Bray when it issued the default judgment.
Res Judicata
          In its third issue, Cadle contends that the trial court erred by failing to grant its
motion for summary judgment on the ground that Bray’s challenges are barred by res
judicata.
          The doctrine of res judicata bars a second suit by parties on matters actually
litigated in an earlier suit, as well as claims “‘which, through the exercise of
diligence, could have been litigated in a prior suit.’” Getty Oil Co. v. Ins. Co. of N.
Am., 845 S.W.2d 794, 799 (Tex. 1992) (quoting Barr v. Resolution Trust Corp., 837
S.W.2d 627, 631 (Tex. 1992)). Texas follows the transactional approach to res
judicata, which requires claims arising out of the same subject matter to be litigated
in a single lawsuit. Hallco Tex., Inc. v. McMullen County, 221 S.W.3d 50, 58 (Tex.
2006); Barr, 837 S.W.2d at 631. For res judicata to apply, there must be: (1) a prior
final judgment on the merits by a court of competent jurisdiction; (2) identity of
parties or those in privity with them; and (3) a second action based on the same
claims that were raised or could have been raised in the first action. Amstadt v. U.S.
Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996).
          Having held that the trial court had subject matter jurisdiction over the matter,



Bray’s remaining challenges to the default judgment, including his assertion that the
default judgment was not supported by proper pleadings, are barred by res judicata. 
We hold that the trial court erred by failing to grant Cadle’s motion for summary
judgment. 
ConclusionWe reverse and render judgment that Bray take nothing in his suit to declare
the default judgment void.
 

                                                                        Elsa Alcala
                                                                        Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.