# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00292-CV

**Mary Park, Appellant**

**v.**

**Western Union Financial Services, Inc., Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. D-1-GN-07-000136, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Mary Park appeals from the trial court's summary judgment granting the petition for bill of review filed by appellee Western Union Financial Services, Inc. ("Western Union") and overturning a default judgment Park had previously obtained against Western Union in a garnishment action. Because we conclude that the trial court did not err in granting the petition for bill of review, we affirm the summary judgment.

## BACKGROUND

In February 2005, Park obtained a default judgment for $365,500 against a debt collector and its principals for, among other things, violations of the Fair Debt Collection Practices Act. *See* 15 U.S.C.A. §§ 1692-1692p (West 2009). This judgment, to which Western Union was not a party, was issued by the 126th District Court of Travis County. In June 2005, Park filed an application for writ of garnishment in the 353rd District Court of Travis County against

Western Union and other financial institutions she believed to be holding assets of the judgment debtors. On August 4, 2005, Park filed a motion to sever her garnishment action against Western Union. That same day, the action against Western Union was severed and assigned to the 201st District Court of Travis County, and Park obtained a default judgment against Western Union in the 201st District Court.

On January 18, 2007, Western Union filed the petition for bill of review giving rise to this appeal.[1] In the bill-of-review proceeding, Western Union filed two motions for summary judgment asserting that Park's default judgment was void. In its first motion, Western Union argued that service on Western Union in the underlying default judgment was fatally defective. After permitting Park to amend proof of service, the trial court denied this motion for summary judgment. In its second motion, Western Union argued that neither the 353rd District Court nor the 201st District Court, to which the garnishment action against Western Union had been severed, had subject-matter jurisdiction over the garnishment action because the court that issued the original judgment, the 126th District Court, had exclusive jurisdiction over the ancillary garnishment proceeding. After a hearing, the trial court granted the second motion for summary judgment and vacated Park's default judgment against Western Union. This appeal followed.

**STANDARD OF REVIEW**

When a trial court grants summary judgment on a petition for bill of review, the summary-judgment standard of review applies. *See Wolfe v. Grant Prideco, Inc.*, 53 S.W.3d 771, 773 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Summary judgments are reviewed de novo.

---

[1] Western Union's petition for bill of review was originally filed in the 98th District Court of Travis County, but was transferred on Western Union's motion to the 201st District Court.

*Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a motion for summary judgment, the movant must show that there is no issue of material fact and that it is entitled to judgment as a matter of law. *TX Far West, Ltd. v. Texas Invs. Mgmt., Inc.*, 127 S.W.3d 295, 301 (Tex. App.—Austin 2004, no pet.). Evidence favorable to the non-movant is taken as true and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.*

## DISCUSSION

*Transfer of Bill of Review*

In her first issue on appeal, Park argues that the trial court erred in even considering Western Union's petition for bill of review because it was initially filed in the 98th District Court, rather than the court that issued the underlying default judgment against Western Union, the 201st District Court. A bill of review "is an independent action brought to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial," and must be filed in the same judicial district that rendered the judgment under attack. *Richards v. Commission for Lawyer Discipline*, 81 S.W.3d 506, 508 (Tex. App.—Houston [1st Dist.] 2002, no pet.). However, while Western Union's bill of review was initially filed in the 98th District Court, it was subsequently transferred to the 201st. Jurisdiction properly attached at the time of the transfer. *See Solomon, Lambert, Roth & Assocs. v. Kidd*, 904 S.W.2d 896, 902 n.2 (Tex. App.—Houston [1st Dist.] 1995, no writ) (noting that bill of review filed in wrong court could have been transferred to court with jurisdiction); *see also Texas Employers' Ass'n v. Cashion*, 130 S.W.2d 1112, 1113 (Tex. Civ. App.—Dallas 1939, writ ref'd) (reversing dismissal of bill of review filed in wrong district court and subsequently transferred to proper court). As a result, Park's first issue is overruled.

3

*Transfer of Garnishment Action*

In her second issue on appeal, Park argues that the trial court erred in granting Western Union's motion for summary judgment because, while her garnishment action was initially filed in a court lacking subject-matter jurisdiction, her subsequent transfer of the suit to the 126th District Court cured any jurisdictional impediment. A garnishment action is not an original suit, but an ancillary proceeding that takes its jurisdiction from the underlying suit. *See Baca v. Hoover, Bax, & Shearer*, 823 S.W.2d 734, 738 (Tex. App.—Houston [14th Dist.] 1992, writ denied). Only the court in which the original suit was brought has subject-matter jurisdiction over the garnishment action. *King & King v. Porter*, 252 S.W. 1022, 1022 (Tex. 1923); *see also Murray v. Brisco*, 209 S.W.2d 976, 977 (Tex. Civ. App.—Galveston 1948, no writ) (holding that garnishment proceedings filed in court other than court of original suit "were absolutely void").

In this case, the judgment underlying Park's garnishment action was issued by the 126th District Court, while her garnishment action was filed in the 353rd District Court and then, with regard to Western Union, severed to the 201st District Court. Because the 126th District Court had exclusive jurisdiction over the garnishment action, the default judgment issued by the 201st was void. *See Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987) (op. on reh'g) (stating that judgment is void when court rendering judgment lacked subject-matter jurisdiction).

Park argues that because she filed, and the trial court granted, a motion to transfer the garnishment action from the 353rd District Court to the 126th, any jurisdictional defect was cured at that time. This motion, however, was granted by the 353rd District Court on January 7, 2008, more than two years after the garnishment action against Western Union was severed to the 201st District Court and the default judgment was rendered. Therefore, the 353rd District Court's

4

plenary power over the garnishment action against Western Union had long since expired at the time it granted Park's motion to transfer. *See* Tex. R. Civ. P. 329b (in absence of post-judgment motion, trial court's plenary power to vacate, modify, correct, or reform judgment expires 30 days after judgment is signed); *see also In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) ("After a trial court grants a motion to transfer venue, it retains plenary jurisdiction over the case for thirty days.").[2]  A trial court's order issued after its plenary power has expired is void. *See In re Southwestern Bell*, 35 S.W.3d at 605. Therefore, Park's purported transfer of the garnishment proceeding against Western Union to the 126th District Court is void and cannot cure the jurisdictional defect. Park's second issue is overruled.

*Scope of Trial Court's Review*

In her third issue on appeal, Park argues that even if her purported transfer of the garnishment proceeding to the 126th District Court did not remedy the jurisdictional issue, summary judgment was improper because the trial court failed to limit its review to the four corners of the default judgment being attacked.

Ordinarily, a petitioner for bill of review must plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which the movant was prevented from making by the fraud, accident, or wrongful act of the opposite party, (3) unmixed with any fault or negligence on the part of the movant. *Ortega v. First RepublicBank Fort Worth*, 792 S.W.2d 452,

---

[2] The fact that the garnishment action against the non-severed parties remained pending did not preclude the final judgment against Western Union from triggering the expiration of plenary power in the severed action. *See Steel v. Rhone Poulenc, Inc.*, 962 S.W.2d 613, 617 (Tex. App.—Houston [1st Dist.] 1997) (holding that plenary power over severed action expired 30 days after judgment became final against severed defendants, despite fact that main suit remained pending against other defendants), *aff'd*, 997 S.W.2d 217 (Tex. 1999).

5

453 (Tex. 1990). However, when a bill of review complainant attacks a judgment on the ground that the trial court lacks jurisdictional power to render it, the complainant is not required to prove the elements of a bill of review. *Narvaez v. Maldonado*, 127 S.W.3d 313, 317 (Tex. App.—Austin 2004, no pet.).[3] Because both Park and Western Union characterize Western Union's jurisdictional challenge as a collateral attack on the underlying default judgment, we will proceed under a collateral-attack analysis.

In a collateral attack on a judgment, jurisdictional recitations in the judgment control the rest of the record, and extrinsic evidence may not be used to establish a lack of jurisdiction. *See Narvaez*, 127 S.W.3d at 317; *Toles v. Toles*, 113 S.W.3d 899, 914 (Tex. App.—Dallas 2003, no pet.) ("A collateral attack fails if the judgment contains jurisdictional recitals, even if other parts of the record show a lack of jurisdiction."). In the present case, Park points to the language of the default judgment stating that Western Union was "duly cited to appear," and claims that this constitutes a jurisdictional recital sufficient to defeat Western Union's collateral attack and prevent the trial court from looking to the record to determine jurisdiction. We disagree. For purposes of the summary-judgment motion that gave rise to this appeal, Western Union's jurisdictional challenge was based on the argument that the 126th District Court had exclusive jurisdiction over the garnishment proceeding. Despite Park's assertions to the contrary, Western Union did not challenge, in the relevant summary-judgment motion, whether it was duly cited to appear. Even if Western Union had been properly served, the 201st District Court lacked jurisdiction to issue the default judgment.

---

[3] Given that both of Western Union's motions for summary judgment were based solely on jurisdictional issues, the trial court did not consider whether Western Union had also established the traditional requirements of a bill of review.

6

As a result, the judgment at issue here does not include any jurisdictional recitation that would control the rest of the record. *See Toles*, 113 S.W.3d at 914.

If a judgment subject to collateral attack does not affirmatively establish jurisdiction or a lack thereof, a presumption in favor of the validity of the judgment applies. *See Huffstutlar v. Koons*, 789 S.W.2d 707, 710 (Tex. App.—Dallas 1990, no writ). However, the Texas Supreme Court has held that while a court must indulge all reasonable presumptions favorable to a judgment under collateral attack, it must not "indulge a presumption that the record itself shows is untrue." *Alfonso v. Skadden*, 251 S.W.3d 52, 53 (Tex. 2008) (per curiam). Where the record affirmatively reveals a jurisdictional defect, the presumption supporting judgments does not apply. *See id.* at 55 (citing *White v. White*, 179 S.W.2d 503, 506 (Tex. 1944) ("In order for a collateral attack to be successful the record must affirmatively reveal the jurisdictional defect.")). In the present case, then, the trial court was not only permitted to review the entire record in determining the jurisdictional question, but was obligated to do so under *Alfonso*. 251 S.W.3d at 55.

Park's third point of error, arguing that the trial court erred in failing to limit its review to the four corners of the default judgment at issue in this case, is overruled.

*Jurisdictional Defect Apparent from the Record*

In her fourth point of error, Park argues that even if the trial court did not err in looking outside the four corners of the default judgment, the record before the 201st District Court in the garnishment action does not affirmatively demonstrate a lack of subject-matter jurisdiction. According to Park, nothing in the record before the 201st District Court indicates that the original judgment giving rise to the garnishment proceeding had been rendered by the 126th District Court. Our review of the record reveals otherwise. Specifically, Park's original application for writ of

7

garnishment, filed in the 353rd District Court, expressly states that the requested writ is based on the judgment rendered in "Cause No. GN303439, 126th Judicial District, Travis County, Texas." Meanwhile, the order severing the action against Western Union to the 201st District Court specifically orders that a copy of Park's original application for writ of garnishment be included in the record for the severed proceeding against Western Union. Thus, the record before the 201st District Court reflects that Park's original judgment was rendered by the 126th District Court, and therefore that the 126th District Court had exclusive jurisdiction over Park's garnishment proceeding. Because the jurisdictional defect is clear from the record properly before the 201st District Court, Park's fifth point of error is overruled. In light of our disposition of this issue, we need not reach Park's sixth point of error, arguing that the trial court was prohibited from looking outside the record of the garnishment proceeding to determine whether jurisdiction was proper. As discussed above, the jurisdictional defect is apparent from the record of the garnishment proceeding.

Having overruled each of Park's points of error on appeal, we hold that the trial court did not err in granting Western Union's second motion for summary judgment. As a result, we need not reach Western Union's cross-points regarding its first motion for summary judgment.

## CONCLUSION

We affirm the trial court's judgment.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed: October 30, 2009

8