# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00342-CV

### Texas Board of Law Examiners, Appellant

### v.

### Donald Little, Appellee

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY,
### NO. C-1-CV-09-002709, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After the Texas Board of Law Examiners ("TBLE") found pro se appellee Donald Little unfit to practice law in Texas, Little appealed TBLE's decision to County Court No. 1 of Travis County. Because only Travis County district courts have jurisdiction over appeals from TBLE decisions, *see* Rules Governing Admission to the Bar of Texas, Rule XV(k)(1) (2009),[1] the county court dismissed the case for want of jurisdiction, but also ordered the case transferred to the Travis County district clerk for filing in a Travis County district court. TBLE appeals from the county court's order, arguing that because the county court did not have subject matter jurisdiction over the case, it did not have the authority to transfer the case to district court. We vacate the portion of the trial court's order transferring the case and dismiss for want of jurisdiction.

---

[1] The Rules Governing Admission to the Bar of Texas are promulgated by the Texas Supreme Court as authorized by statute. *See* Tex. Gov't Code Ann. § 82.022 (West 2005).

**BACKGROUND**

Donald Little, an attorney licensed in Utah and Louisiana, applied for admission to the State Bar of Texas. On December 5, 2008, a three-member panel of TBLE held a hearing to consider whether Little possessed the good moral character required for admission to the practice of law in Texas. The panel found that Little lacked the requisite moral character for admission, suggested curative measures, and mandated that Little could not petition for redetermination before December 5, 2010.[2]

Little sought to appeal TBLE's ruling. Under the rules governing review of TBLE decisions, the "affected Applicant or Declarant shall institute, in the district courts of Travis County, Texas proceedings for review of such decision within sixty (60) days after the date the written decision is mailed to the Applicant." Rules Governing Admission to the Bar of Texas, Rule XV(k)(1). Within the allotted 60 days, Little prepared a notice of administrative appeal of TBLE's decision that indicated that it was to be filed "IN THE DISTRICT COURT OF TRAVIS COUNTY, TEXAS." However, Little went to the wrong clerk's office to file the notice and mistakenly filed it with the clerk of the county court of Travis County. According to Little's statements during the hearing before the trial court, he observed the county court clerk scratch out the word "DISTRICT" on his notice and write in "COUNTY." Little did nothing at that time to remedy the situation. The matter was subsequently filed in County Court No. 1 of Travis County.

---

[2] The panel's decision was based on Little's issues with the Internal Revenue Service and his failure to sufficiently disclose that information to TBLE.

2

TBLE filed a plea to the jurisdiction. At the hearing on the plea to the jurisdiction, Little stipulated that the trial court, being a county court, did not have jurisdiction over the matter. Little argued, however, that the trial court should transfer the case to a Travis County district court. The trial court granted TBLE's plea to the jurisdiction, ordered the case dismissed, and additionally ordered that "the cause is transferred to the Travis County District Clerk for filing in a Travis County District Court." TBLE then filed this interlocutory appeal from the trial court's order, arguing that the trial court did not have the authority to transfer a case over which it did not have subject matter jurisdiction.

## DISCUSSION

*Jurisdiction of the Appellate Court*

We begin with the jurisdiction of this court to hear TBLE's interlocutory appeal, an issue raised in Little's response brief. The civil practice and remedies code indicates that a person may appeal from an interlocutory order of a county court that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008). In this case, the trial court's order clearly rules on a plea to the jurisdiction by TBLE. Further, TBLE qualifies as a "governmental unit" under the civil practice and remedies code. *Id.* § 101.001(3)(a) (West 2005) (including in the definition of "governmental unit" "all of the several agencies of government that collectively constitute the government of this state, including . . . all departments, bureaus, *boards*, commissions, offices, agencies, councils, and courts") (emphasis added). Accordingly, under the plain language of the statute, we have jurisdiction to consider the appeal.

3

Little, however, argues that our jurisdiction does not extend to the portion of the trial court's order transferring the case to district court. As a general matter, a trial court's "decision regarding transfer of venue . . . is not subject to interlocutory appeal." *Bristol-Myers Squibb Co. v. Barner*, 964 S.W.2d 299, 301 (Tex. App.—Corpus Christi 1998, no pet.); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 15.064(a) (West 2008). However, an interlocutory appeal may be taken on a transfer order that constitutes an "implicit rejection" of a governmental unit's plea to the jurisdiction. *See Thomas v. Long*, 207 S.W.3d 334, 340 (Tex. 2006) (holding that trial court's rulings on issues over which it does not have subject matter jurisdiction "constitute an implicit rejection of . . . jurisdictional challenges" and may therefore be subject to interlocutory appeal); *cf. Surgitek v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (holding that order transferring venue was subject to interlocutory appeal when "predicated on [the court's] decision about the propriety of the plaintiffs' joinder," where joinder was issue on which interlocutory appeal could be taken). In light of our conclusion below that the trial court lacked jurisdiction to transfer the case, we construe the trial court's order granting transfer as an "implicit rejection" of TBLE's plea to the jurisdiction.[3] Consequently, the order is one we may review on an interlocutory basis.

*Jurisdiction of the Trial Court*

We turn to the issue of whether the trial court had jurisdiction to transfer the case to the district court. Subject matter jurisdiction is essential to the authority of a court to decide a case;

---

[3] Little also argues that this Court lacks jurisdiction to hear TBLE's appeal because TBLE was the "winner" with regard to its plea to the jurisdiction. However, the fact that the trial court exercised jurisdiction when it transferred the case indicates that TBLE did not entirely prevail, despite the language in the order granting TBLE's plea to the jurisdiction.

4

it is never presumed and cannot be waived. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993). Regarding the powers of a court lacking jurisdiction, the trial court said it best: "It is axiomatic that a judge without jurisdiction can only take one action in a case and that is to sign a dismissal." In other words, "[n]o jurisdiction means exactly that." *Parker v. Cumming*, 216 S.W.3d 905, 911 (Tex. App.—Eastland 2007, pet. denied) (explaining that court without jurisdiction "had no authority to do anything"). Consequently, lack of jurisdiction brings with it the concomitant lack of authority to transfer the case to a court with jurisdiction, unless the transfer is otherwise authorized.[4] *See Qwest Microwave, Inc. v. Bedard*, 756 S.W.2d 426, 438-39 (Tex. App.—Dallas 1988, no writ) (explaining that, while cases may be transferred between courts of concurrent jurisdiction, court that has "no jurisdiction [] whatsoever" cannot transfer case to court with jurisdiction).

In this case, the parties stipulated that the trial court did not have jurisdiction to hear the case under the Rules Governing Admission to the Bar of Texas. Accordingly, the trial court did not have the subject matter jurisdiction to "do anything" with the case, including transfer it. *See id.* at 438. Little does not cite, nor have we found, any statutes or cases authorizing a county

---

[4] Transfer from a court lacking in jurisdiction may be authorized by statute. For example, the code of criminal procedure "confers authority on a court otherwise lacking jurisdiction over a cause of action to transfer an indictment to a court of appropriate jurisdiction." *Martinez v. State*, 632 S.W.2d 783, 786 (Tex. App.—Houston [14th Dist.] 1982, no pet.); *see also* Tex. Code Crim. Proc. Ann. art. 21.26 (West 2009). Further, Texas caselaw also recognizes some exceptions to the general rule prohibiting transfer from a court lacking subject matter jurisdiction. *See, e.g.*, *Texas Employers' Ass'n v. Cashion*, 130 S.W.2d 1112, 1113 (Tex. Civ. App.—Dallas 1939, writ ref'd) (noting that bill of review filed in wrong district court because of mistake by clerk could be transferred to district court with jurisdiction). However, no statutory or common law exception applies to this case.

court without jurisdiction to transfer an appeal such as this to a proper district court.[5]  Accordingly, we conclude that the trial court's order transferring the case to district court is void due to want of jurisdiction.[6]  *See id.* (holding that orders exceeding the scope of court's jurisdiction are not merely voidable but void).

## CONCLUSION

We vacate the portion of the trial court's order transferring the case and dismiss for want of jurisdiction.[7]

---

[5]  Even if the transfer order were to remain in place, the district court receiving the case would have no authority to hear it.  A district court "has no authority to hear claims that were originally pleaded before a [] court lacking in subject-matter jurisdiction," even if the district court could hear the claims if they were properly pleaded de novo.  *See Qwest Microwave, Inc. v. Bedard*, 756 S.W.2d 426, 438-39 (Tex. App.—Dallas 1988, no writ).

[6]  In attempting to preserve the transfer order and allow the district court to hear the case, Little argues that the rules of procedure should be applied "liberally to reach the merits of the appeal whenever possible," citing *Warwick Towers Council v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008).  As pointed out by TBLE, *Warwick Towers* and its progeny (including *In re Smith*, 270 S.W.3d 783 (Tex. App.—Waco 2008, no pet.), a case cited by Little in an earlier filing) involve procedural defects affecting cases that had been filed *in the correct court.  See id.* (involving appeal filed in proper court where appellant "failed to name itself as the appellant in its notice of appeal"). Further, these cases involve interpretation of the rules of appellate procedure, which apply only to appeals filed in "appellate courts," not district or county courts.  *See* Tex. R. App. P. 1.1 ("These rules govern procedure in appellate courts . . . ."), 3.1(b) (defining "appellate court" as "the courts of appeals, the Court of Criminal Appeals, and the Supreme Court").  Accordingly, these cases do not bear directly on the resolution of Little's appeal.

[7]  Little argues that even if the trial court's transfer order cannot stand, the case should be remanded with instructions indicating that the 60-day tolling provision of the civil practice and remedies code applies to his case.  *See* Tex. Prac. & Rem. Code Ann. § 16.064 (West 2008).  We note, however, that section 16.064 applies to limitations provisions, not to filing prerequisites imposed by statute.  *Heart Hosp. IV, L.P. v. King*, 116 S.W.3d 831, 836 (Tex. App.—Austin 2003, pet. denied) ("Because section 16.064 is an exception to the general limitations provisions, it does not apply to proceedings created by statutes, such as statutory reviews of administrative decisions."); *see also Castillo v. Allied Ins. Co.*, 537 S.W.2d 486, 487 (Tex. Civ. App.—Amarillo 1976,

6

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Vacated and Dismissed for Want of Jurisdiction

Filed:   December 31, 2009

writ ref'd n.r.e.) (holding that mandatory 20-day appeal period of Worker's Compensation Board decision is not affected by 60-day tolling provision of section 16.064 because section 16.064 "does not affect special statutory proceedings").  We further note that this and other arguments relating to whether a district court could reach the merits of the case at this juncture are properly raised and determined if and when the appeal is filed in the correct court.