**Motion for Rehearing Overruled and Supplemental Opinion filed January 12, 2012.**



In The

# Fourteenth Court of Appeals

___

### NO. 14-09-00815-CV

___

## RONALD J. KORMANIK AND MICHAEL D. SYDOW, Appellants

### V.

## VICTOR SEGHERS, Appellee

___

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2007-18371**

___

## S U P P L E M E N T A L   O P I N I O N

We issue this supplemental opinion to address a jurisdictional issue that appellants Ronald J. Kormanik and Michael D. Sydow have raised for the first time on rehearing. Concluding that this jurisdictional issue and the other issues raised on rehearing lack merit, we overrule the motion for rehearing.

### *Background*

Kormanik and Sydow originally filed this suit against appellee/defendant Victor Seghers in the County Court at Law Number One in Harris County. Seghers filed a motion to dismiss for lack of subject-matter jurisdiction, arguing that the county court at law lacked

jurisdiction because the matter in controversy exceeded $100,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, as alleged on the face of the petition. *See* Tex. Gov't Code Ann. §§ 25.0003(c)(1), 25.1032(a) (West 2011). Kormanik and Sydow disagreed and argued that the county court at law had subject-matter jurisdiction.[1]

The county court at law transferred the case to the district court. The case was initially pending in the 189th District Court of Harris County but later was transferred to the 190th District Court of Harris County. Following a jury trial, the presiding judge of the 190th District Court signed a final judgment that Kormanik and Sydow take nothing and that Seghers recover $130,000 plus prejudgment interest against Kormanik. Kormanik and Sydow appealed the trial court's judgment to this court. On original submission, Kormanik and Sydow did not challenge the jurisdiction of the trial court, nor did they challenge the jurisdiction of this court. In their opening appellate brief, Kormanik and Sydow stated that "the procedural history of this case is rather complicated, but ultimately not pertinent to the issues on appeal."

After this court affirmed the trial court's judgment, Kormanik and Sydow filed a motion for rehearing asserting for the first time that the trial court's judgment is void because the trial court lacked subject-matter jurisdiction. Kormanik and Sydow now argue that the county court at law lacked subject-matter jurisdiction over the original petition that they filed in that court. Because the county court at law lacked subject-matter jurisdiction, Kormanik and Sydow assert, the county court was required to dismiss the case and had no authority to transfer the case to the district court. Even though the district court would have had subject-matter jurisdiction over the case under review if the case had been originally filed in that court, Kormanik and Sydow argue that the county court at law's purported lack of subject-matter jurisdiction deprived the district court of jurisdiction over the transferred case, making the district court's judgment void.

---

[1] At this juncture, Kormanik and Sydow were represented by different counsel than the counsel that represented them at trial in the district court and on appeal in this court.

2

*Analysis of Jurisdictional Issue*

To determine whether the county court at law had subject-matter jurisdiction over this suit, we need to review the allegations made by Kormanik and Sydow in the original petition that they filed in the county court. *See Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex. 1996); *Weidner v. Sanchez*, 14 S.W.3d 353, 360–61 (Tex. App.—Houston [14th Dist.] 2000, no pet.). We are unable to review this original petition because it is not in our appellate record. Nonetheless, we presume, without deciding, that under this original petition, the county court at law lacked subject-matter jurisdiction over the case under review.

As has been pointed out by three justices of the Supreme Court of Texas, "the jurisdictional structure of the Texas court system is unimaginably abstruse" and "has gone from elaborate . . . to Byzantine." *See Sultan v. Mathew*, 178 S.W.3d 747, 753 (Tex. 2005) (Hecht, J., dissenting, joined by Wainwright and Medina, JJ.). Various Texas statutes provide for transfer of a case from one trial court to another when the court in which the case was filed lacks subject-matter jurisdiction. *See, e.g.*, Tex. Prop. Code Ann. § 21.002 (West 2011) (providing for transfer of eminent-domain case from a county court at law to a district court when the case involves an issue of title); Tex. Code Crim. Proc. Ann. art. 21.26 (West 2009) (providing for transfer of criminal case from district court to an inferior court if the district court lacks jurisdiction over the offense charged in the indictment filed in the district court). The statute governing the transfer from the county court at law to the district court in the case under review requires that the district court have subject-matter jurisdiction over the transferred case but does not require that the county court at law have subject-matter jurisdiction over the transferred case. *See* Tex. Gov't Code Ann. § 74.121(b)(1) (West 2011); *The Cadle Co. v. Bray*, 264 S.W.3d 205, 212–13 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (making same observation about substantially similar language in Government Code section 74.121(a)). The Supreme Court of Texas has indicated that a proper basis for transferring a civil case from one court to another may be the lack of subject-matter jurisdiction in the transferor court. *See Texas Employers' Ass'n v. Cashion*, 130 S.W.2d 1112, 1113–14 (Tex. Civ. App.—Dallas 1939, writ ref'd) (basing holding upon

3

statement from an intermediate court that a proper reason for transferring a case from one trial court to another is a lack of jurisdiction in the transferor court in which the case was filed).[2] *See also The Cadle Co.*, 264 S.W.3d at 212–13 (concluding that case was properly transferred under Government Code section 74.121(a) from trial court lacking subject-matter jurisdiction to trial court that had subject-matter jurisdiction); *Park v. Western Union Financial Servs., Inc*., No. 03-08-00292-CV, 2009 WL 3486373, at *2 (Tex. App.—Austin Oct. 30, 2009, no pet.) (concluding that trial court had jurisdiction over case, even though it was originally filed in a court that lacked subject-matter jurisdiction, because the case was transferred under Government Code section 74.121(a) to a court that had subject-matter jurisdiction) (mem. op.).  Though the judge of a county court at law may transfer a case under Texas Government Code section 74.121(b)(1) for any number of reasons, one reason might be lack of subject-matter jurisdiction over the case in the county court at law and subject-matter jurisdiction over the case in the district court.  *See In re Owens*, No. 06-08-00101-CV, 2008 WL 4329218, at *1 (Tex. App.—Texarkana Sept. 24, 2008, orig. proceeding) (denying writ of prohibition seeking to prevent district court from exercising jurisdiction over case transferred to district court from county court at law under Government Code section 74.121(b)(1) because the county court lacked subject-matter jurisdiction over the case) (mem. op.).

Generally, a trial court that lacks subject-matter jurisdiction over a case must dismiss it.  But, if another court would have subject-matter jurisdiction over the case and the case may be transferred to that court under a Texas statute, then the trial court may transfer the case to the court having jurisdiction rather than dismiss the case.  *See Cashion*, 130 S.W.2d at 1113–14; *The Cadle Co.*, 264 S.W.3d at 212–13; *Park*, 2009 WL 3486376, at *2; *In re Owens*, 2008 WL 4329218, at *1.  Kormanik and Sydow cite various cases in which courts state that a court lacking jurisdiction must dismiss the case.  But these cases did not involve suits that were transferred from a trial court lacking jurisdiction to a trial court that

---

[2] In cases decided after June 14, 1927, the Supreme Court of Texas's notation of "writ refused" or "petition refused" denotes that the court of appeals's opinion is the same as a precedent of the Supreme Court of Texas.  *See Yancy v. United Surgical Partners Int'l, Inc*., 236 S.W.3d 778, 786 n.6 (Tex. 2007).

4

had jurisdiction. In addition, the cases upon which Kormanik and Sydow rely do not state that a trial court lacking jurisdiction cannot transfer the case to a trial court that has jurisdiction. In any event, the Supreme Court of Texas has quoted with approval language equating such a transfer with the dismissal of the case and the filing of a new case in the court that has jurisdiction. *See Cashion*, 130 S.W.2d at 1114. Even if the county court at law lacked subject-matter jurisdiction over this case, the judge of that court had the authority to transfer the case to the district court under Government Code section 74.121(b)(1). *See* Tex. Gov't Code Ann. § 74.121(b)(1); *In re Owens*, 2008 WL 4329218, at *1. The county court at law had the power to transfer cases over which it lacked jurisdiction, and the case under review was within the subject-matter jurisdiction of the district court to which the case was transferred. Therefore, any lack of subject-matter jurisdiction in the county court at law would not deprive the district court of subject-matter jurisdiction and would not make the district court's judgment void. We conclude the district court's judgment is not void.

We overrule the jurisdictional issue raised by Kormanik and Sydow in their motion for rehearing.[3] Because the other issues raised in this motion lack merit, we overrule the motion.


/s/      Kem Thompson Frost
Justice

Panel consists of Justices Anderson, Frost, and Brown. (Anderson, J., not participating on rehearing).

---

[3] In their rehearing motion, Kormanik and Sydow also suggest that the district court may have lacked jurisdiction or the transfer may have been improper because another case involving the same subject matter was pending in a district court in Bell County. But the pendency of such a case would not make transfer improper under Government Code section 74.121(b)(1), nor would the pendency of such a case affect the subject-matter jurisdiction of either the county court at law or the district court in Harris County. *See* Tex. Gov't Code Ann. § 74.121(b)(1); *Gammill v. Gammill*, No. 14-07-01013-CV, 2009 WL 1660479, at *2 (Tex. App.—Houston [14th Dist.] Jun. 16, 2009, no pet.) (mem. op.).